IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| DOUBLE A TRAILER SALES, INC., ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | CIVIL ACTION NO. 3:05cv1107-M |
| v. ) | |
| ) | |
| CHRISS W. STREET and ) | TRIAL BY JURY DEMANDED |
| DONALD R. SHEETZ ) | |
| ) | |
| DEFENDANTS. ) | |

## COMPLAINT

COMES NOW, the plaintiff, Double A Trailer Sales, Inc. ("Double A"), and files this complaint in the above-styled action as follows:

### Nature of This Action

1.    This action seeks damages for fraud arising out of the failure and resulting bankruptcy of Dorsey Trailer Company, Inc. ("Dorsey"), a company which previously manufactured over-the-road trailers. Prior to the bankruptcy and in reliance on the Defendants' representations regarding the status of the company, Plaintiff Double A pre-paid for 41 trailers at a purchase price of $995,288.98 from Dorsey. The Defendants, at all times material to this complaint, were officers of Dorsey or related entities. Double A has incurred substantial losses and as a result of Defendants' conduct.

### Parties

2.    Plaintiff Double A is an Ohio corporation with its principal place of business in the state of Ohio.

3.    Defendant Chriss W. Street (hereinafter "Street") is an individual who is alleged to reside in the state of California. Defendant Street served as President, Chairman and CEO of Dorsey from its inception to shortly before the company filed for bankruptcy protection. Defendant Street and his wife,

1

Victoria Street who served as corporate secretary, were the sole officers of Dorsey.

4.      Defendant Donald R. Sheetz is an individual who is alleged to reside in the state of California. Mr. Sheetz was the administrator of the Fruehauf Trailer Retirement Plan, the entity which owned the stock of Dorsey Trailer.

## Jurisdiction and Venue

5.      The matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00, as specified by 28 U.S.C.A. § 1332. There exists complete diversity of citizenship among the plaintiff and the defendants.

6.      Venue of this suit is appropriate in the United States District Court for the Middle District of Alabama pursuant to 28 U.S.C.A. §1391 because a substantial part of the events and omissions giving rise to the claim occurred in the Middle District of Alabama, Eastern Division.

## Statement of the Facts

7.      Dorsey is the progeny of Dorsey Trailers, Inc. which was liquidated in bankruptcy in a prior Chapter 11 case filed in the United States Bankruptcy Court for the Middle District of Alabama (Case Number 00-06792-WRS). By order entered on June 7, 2001, substantially all of the assets of old Dorsey were sold to the designee of Fruehauf Trailer Retirement Plan ("the Plan"). The Plan is owned by Pension Transfer Corporation, a subsidiary of the End of the Road Trust. The End of the Road Trust also owns American Trailer Industries, Inc. ("ATI"), of which Defendant Street is the President. ATI owns Fruehauf De Mexico S.A. De C.V. (hereinafter "Fruehauf Mexico"), whose President is also Defendant Street.

8.      On or about June 25, 2001, Dorsey was restarted by its new owner with Defendant Street as the Chairman, President and CEO. From Summer 2001 through the end of 2003, new Dorsey manufactured over-the-road trailers. By the end of 2003, the manufacturing capabilities of Dorsey

dwindled. Dorsey undertook almost no manufacturing and laid-off the bulk of its work force. Dorsey was on a C.O.D. basis with most of its suppliers, had inadequate inventory on site to manufacture trailers and was facially insolvent. Defendants Street and Sheetz, however, represented to Plaintiff that Dorsey was in no material financial difficulty, but rather was suffering short term cash flow problems.

9. Double A is a substantial dealer in the over-the-road trailer business and has been so since 1975. Double A became a distributor for "new" Dorsey through the execution of a "Distributor Sales and Service Agreement" dated March 29, 2002. During late 2003, Double A placed substantial trailer orders, the vast majority of which were placed on back-order by Dorsey.

10. In order to break the back-log of orders, Double A prepaid Dorsey Invoice Number M302949 in the amount of $404,970.30 on, or about, November 17, 2003, for the purchase of 15 2005 53' Overall Refrigerated Trailers (hereinafter the "Inv. M302949 Trailers"). Rather than utilize the pre-payment to manufacture the Inv. M302949 Trailers, Dorsey, acting at the direction of Defendant Street, squandered the money. Double A alleges that Defendant Street knew at the time the November 17, 2003 pre-payment was made that Dorsey had inadequate means with which to complete the order identified as Invoice M302949.

11. By late January 2004, even though the Manufacturer's Statements of Origin ("MSOs") had been issued for the Inv. M302949 Trailers, manufacture of those units had not yet commenced. Double A, based on the representations of Defendant Street, continued to place orders and prepaid the following invoices in the following amounts on January 16, 2004:

| Invoice | Amount Paid |
|---------|-------------|
| M30340  | $232,250.00 |
| M30360  | $ 25,427.08 |
| M30364  | $ 93,727.20 |
| M302153 | $243,559.40 |

12. In sum total, by January 16, 2004, Double A had pre-paid orders of $999,933.98. By email dated January 20, 2004, directed to Defendant Street, Double A stressed the need for compliance with a "strict" production schedule. Within days thereafter, Defendant Street for the first time revealed that Dorsey was unable to produce trailers on any basis remotely approximating the requirements of Double A, and in fact, had not completed the Inv. M302949 Trailers. Meanwhile, after having prepaid nearly $1.0 million for trailers to be built by Dorsey, customers of Double A began to demand delivery and eventually would, in large part, take their business elsewhere.

13. By February 9, 2004, Defendants Street and Sheetz represented to Double A that a potential solution to Dorsey's capital problems was an injection of investment money by Plaintiff. To that end, the parties executed a "Confidentiality Agreement" such that Double A could conduct due diligence. Defendants thwarted the conduct of any meaningful due diligence and instead next proffered a "Secured Demand Note" in an effort to seemingly placate the exacerbated situation in which Double A had been placed. In exchange for the "Secured Demand Note," Double A again paid the sum of $404,970.30 to pay for the production of the M302949 Trailers yet again.

14. Double A alleges that at the time Plaintiff advanced the additional sum of $404,970.30, in reliance upon the representations of Defendant Street, that there was no present intent to repay the money. Plaintiff further alleges that the "Secured Demand Note" contained a pledge of "152,897 pounds of new and untainted aluminum flooring" (hereinafter the "Raw Materials"). In actuality, at all times material to this complaint, Defendants Street and Sheetz intended that the Raw Materials be directed to their related entities ATI and Fruehauf Mexico. As early as April 15, 2004, Defendant Street maintained the position, in written internal correspondence, that the Raw Material was consigned inventory that was the property of Fruehauf Mexico. Double A says that these inconsistent positions taken by Defendant Street as to the Raw Material infer an intent to defraud Double A in that on the one

hand Defendant Street represented to Plaintiff that the Raw Material was the property of Dorsey on February 9, 2004, while a mere two months later on April 15, 2004, Defendant Street represented that the Raw Material was the property of his sister company, Fruehauf Mexico.

15. Double A alleges that, it relied upon the representations of Defendant Street that Dorsey had the authority and ability to pledge the Raw Materials as collateral for the additional advance of funds by Plaintiff in the amount of $404,970.30. These representations were false and made with the intent that Plaintiff would rely upon them. Double A did reasonably rely upon the representations of Dorsey to its detriment and was damaged thereby.

16. Commencing perhaps as early as April 2004 and extending into June 2004, Dorsey, acting at the behest of Defendant Street, caused large shipments of material and equipment consisting of over four truckloads of items needed for the manufacture of trailers to be moved out of the country to the possession and use of Fruehauf Mexico, a related company of which Defendant Street is the president. Dorsey received no sufficient consideration for these transfers. At the time of those transfers, civil actions were pending against Dorsey; Dorsey was subject to a substantial monetary citation by the Alabama Department of Environmental Management; and Dorsey was in default to its primary lender, SouthTrust Bank. As of the making of this Complaint less than 10% of the Raw Material remains on site at Dorsey. Fruehauf Mexico continues to assert an ownership interest in the Raw Materials.

17. On September 14, 2004, "new" Dorsey filed a petition for relief under Chapter 11 in the United States Bankruptcy Court for the Middle District of Alabama (Case Number 04-32662-WRS). That case remains pending and unconfirmed as of the making of this Complaint. Double A is the holder of an allowed claim in that bankruptcy in the amount of $773,956.78.

## COUNT I

## FRAUD BY DEFENDANT STREET

18. Plaintiffs adopt and incorporate herein by reference the allegations of the paragraphs above as if set forth fully herein.

19. This count is brought pursuant to the Code of Alabama, 1975, §§ 6-5-100 and 6-5-101.

20. Plaintiff Double A alleges that it reasonably relied upon the representations of Defendant Street to its material detriment. Said representations were false and Defendant Street knew they were false; or, were false and Defendant Street, without knowledge of the true facts, recklessly misrepresented the facts; or were false and were made by Defendant Street by mistake, but with the intention that Double A should rely on them.

21. Double A believed said representations and relied on them and acted upon them by advancing $996,288.98 and continuing to represent to its own customers that Plaintiff would be able to deliver said trailers or would have them in stock, and by refraining from taking alternative actions to fulfill customer orders.

22. As a proximate result of said fraud, Double A was caused to suffer the following injuries and damages: lost profits, tarnished reputation among its customers, and the loss of $773,956.78.

23. Double A claims punitive damages because of the intentional or gross and reckless nature of the fraud.

WHEREFORE, PREMISES CONSIDERED, Double A demands judgment against Defendant Street in an amount to be determined by a jury, plus costs.

## COUNT II

## FRAUD BY DEFENDANT SHEETZ

24. Plaintiffs adopt and incorporate herein by reference the allegations of the paragraphs above as if set forth fully herein.

25. This count is brought pursuant to the Code of Alabama, 1975, §§ 6-5-100 and 6-5-101.

26. From January to March 2004, Defendant Sheetz discussed the possibility of Double A purchasing Dorsey or providing a capital injection. During these negotiations, Defendant Sheetz represented that Dorsey had no long term financial problems.

27. Said representations were false and Defendant Sheetz knew they were false; or, were false and Defendant Sheetz, without knowledge of the true facts, recklessly misrepresented the facts; or were false and were made by Defendant Sheetz by mistake, but with the intention that Double A should rely on them.

28. Double A believed the said representations and relied on them and acted upon them by making additional advances, making full pre-payment for the purchase of trailers and continuing to represent to its own customers that it would be able to deliver said trailers or would have them in stock, and by refraining from taking alternative actions to fulfill customer orders.

29. As a proximate result of said fraud, Double A was caused to suffer the following injuries and damages: lost profits, tarnished reputation among its customers, and the loss of $773,956.78.

30. Double A claims punitive damages because of the intentional or gross and reckless nature of the fraud.

WHEREFORE, PREMISES CONSIDERED, Double A demands judgment against Defendant Sheetz in an amount to be determined by a jury, plus costs.

## COUNT III

## SUPPRESSION BY DEFENDANT STREET

31. Plaintiff incorporates and re-alleges the allegations above as if set forth fully herein.

32. Plaintiff, Double A alleges that Defendant Street, in his dual positions as an officer of both Dorsey, ATI and Fruehauf Mexico was placed in a position of superior knowledge over that of Plaintiff. Double A alleges that Defendant Street was under a duty to communicate and disclose certain facts to Double A regarding the true financial status of Dorsey, the ability of Dorsey to manufacture, the relationship of Dorsey to sister entities and the ownership of certain Raw Materials, which had they been disclosed, would have caused Double A to act differently. Through the suppression of material facts, and in reasonable reliance on the silence of Defendant Street, Plaintiff Double A was damaged through the actual loss of $773,956.78, plus lost profits, and tarnished reputation, among its customers.

33. Double A claims punitive damages because of the intentional or gross and reckless nature of the fraud.

WHEREFORE, PREMISES CONSIDERED, Double A demands judgment against Defendant Street in an amount to be determined by a jury, plus costs.

## COUNT IV

## AIDING AND ABETTING/CONSPIRACY

34. Plaintiff incorporates and re-alleges the allegations above as if set forth fully herein.

35. Plaintiff Double A claims damages from Defendants Street and Sheetz for conspiracy. Plaintiff alleges that the Defendants, acting in concert, conspired to defraud Double A such that Plaintiff was damaged as described herein. As a direct and proximate cause of the conspiracy between Defendants Sheetz and Street, Double A incurred direct monetary damages of $773,956.78, lost profits and tarnished reputation among its customers.

36. Plaintiff Double A claims punitive damages from Defendants Street and Sheetz on account of their intentional bad acts to defraud Double A.

WHEREFORE, PREMISES CONSIDERED, Double A demands judgment against Defendants Street and Sheetz in an amount to be determined by a jury, plus costs.

By: _____
Eric J. Breithaupt
Lynn S. Darty
Attorneys for Plaintiff

OF COUNSEL:

CHRISTIAN AND SMALL LLP
505 North 20th Street, Suite 1800
Birmingham, Alabama 35203
(205) 795-6588
(205) 328-7234 - Facsimile

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY ON ALL ISSUES TRIABLE BY JURY.**

By: _____
Of Counsel

Please serve Defendants by Certified Mail:

Defendants Addresses:

Chriss W. Street
c/o Street Asset Management, LLC
1111 Bayside Drive, Suite 100
Corona Del Mar, CA 92625


Donald Sheetz
Sheetz Group
1111 Bayside Drive, Suite 260
Corona del Mar, CA 92625