N THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| DOUBLE A TRAILER SALES, INC. ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | CIVIL ACTION NO: 05-1107 |
| v. ) | |
| ) | |
| CHIRSS W. STREET and ) | |
| DONALD R. SHEETZ ) | |
| ) | |
| DEFENDANTS. ) | |

**DEFENDANT CHRISS W. STREET'S ANSWER TO DOUBLE A TRAILER SALES, INC.'S AMENDED COMPLAINT**

Defendant Chriss W. Street for his answer to the amended complaint states as follows:

**FIRST DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Defendant Chriss Street answers the numbered paragraphs of the Complaint as follows:

1.  The first part of this paragraph contains a statement of the action and not allegations of fact to which an answer is required, but insofar as an answer may be deemed required, denied. Defendant Street denies the remaining allegations contained in this paragraph and demands strict proof thereof.

2.  Upon information and belief, Defendant Street admits the truth of this paragraph.

3. Defendant Street admits that he is a resident of California. Defendant Street admits that he served as president of Dorsey Trailer at various times and that Victoria Street served as corporate secretary at various times.

4. Upon information and belief, Defendant Sheetz is a resident of California.

5. Defendant Street is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies.

6. Defendant Street is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies.

7. Upon information and belief, Defendant admits the first three sentences of this paragraph. Defendant Street denies the remaining allegations in this paragraph.

8. Upon information and belief, Defendant Street admits that manufacturing operations resumed at Dorsey around June 2001 and that Dorsey manufactured over-the-road trailers through 2003. Defendant Street denies the remaining allegations in this paragraph; except to admit that Defendant Street was president from time to time.

9. Defendant Street is without knowledge or information sufficient to form a belief as to the truth of the first allegation in this paragraph. Defendant Street admits that Double A became a distributor for Dorsey. Upon information and belief, Defendant Street admits that Double A placed trailer orders.

10. Defendant Street is without knowledge or information sufficient to form a belief as to the truth of the first allegation in this paragraph. Defendant Street denies the remaining allegations in this paragraph and demands strict proof thereof.

11. Defendant Street is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies.

12. Defendant Street is without knowledge or information sufficient to form a belief about the allegations contained in this paragraph and therefore denies.

13. Defendant Street is without knowledge or information sufficient to form a belief about the allegations contained in this paragraph and therefore denies.

14. Defendant Street denies the allegations contained in the first sentence of this paragraph and demands strict proof thereof. Defendant Street is without knowledge or information sufficient to form a belief about the allegations contained in the second sentence of this paragraph and therefore denies. Defendant Street denies the remaining allegations in this paragraph and demands strict proof thereof.

15. Defendant Street denies the allegations of this paragraph and demands strict proof thereof.

16. Defendant Street is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies.

17. Upon information and belief, Defendant Street admits that "new" Dorsey filed a Chapter 11 bankruptcy petition on or about September 14, 2004.

18. Defendant Street incorporates herein by reference his answers to all allegations contained in all preceding paragraphs of the Complaint.

19. This paragraph contains a statement of the cause of action and not allegations of fact to which an answer is required, but insofar as an answer may be deemed to be required, denied.

20. Defendant Street denies the allegations of this paragraph and demands strict proof thereof.

21. Defendant Street is without knowledge or information sufficient to form a belief as to the allegations in this paragraph and therefore denies.

22. This paragraph contains conclusions of law and not allegations of fact to which an answer is required, but insofar as an answer may be deemed to be required, denied.

23. This paragraph contains a statement of the action and not allegations of fact, but insofar as an answer may be deemed to be required, denied.

24. Defendant Street incorporates herein by reference his answers to all allegations contained in all preceding paragraphs of the Complaint.

25. This paragraph contains a statement of the cause of action and not allegations of fact to which an answer is required, but insofar as an answer may be deemed to be required, denied.

26. Defendant Street is without knowledge or information sufficient to form a belief as to the allegations in this paragraph and therefore denies.

27. Defendant Street is without knowledge or information sufficient to form a belief as to the allegations in this paragraph and therefore denies.

28. Defendant Street is without knowledge or information sufficient to form a belief as to the allegations in this paragraph and therefore denies.

29. This paragraph contains conclusions of law and not allegations of fact to which an answer is required, but insofar as an answer may be deemed to be required, denied.

30. This paragraph contains a statement of the action and not allegations of fact, but insofar as an answer may be deemed to be required, denied.

31. Defendant Street incorporates herein by reference his answers to all allegations contained in all preceding paragraphs of the Complaint.

32. This paragraph contains legal conclusions to which no answer is required, but to the extent that an answer is deemed to be required, denied.

33. This paragraph contains a statement of the action and not allegations of fact, but insofar as an answer may be deemed to be required, denied.

34. Defendant Street incorporates herein by reference his answers to all allegations contained in all preceding paragraphs of the Complaint.

35. The first sentence of this paragraph contains a statement of the action and not allegations of fact, but insofar as an answer may be deemed to be required, denied. Defendant Street denies the allegations of the second sentence of this paragraph and demands strict proof thereof. The third sentence of this paragraph contains legal conclusions to which no answer is required, but to the extent that an answer is deemed to be required, denied.

36. This paragraph contains a statement of the action and not allegations of fact, but insofar as an answer may be deemed to be required, denied.

Defendant hereby specifically denies all of the allegations of the Complaint not hereinbefore otherwise answered.

                                                  __/s/_ Clark R. Hammond_____
                                                  Clark R. Hammond
                                                  Lindan Hill
                                                  Attorneys for Defendant Chriss Street

OF COUNSEL:

JOHNSTON BARTON PROCTOR & POWELL LLP
2900 AmSouth/Harbert Plaza

1901 Sixth Avenue North
Birmingham, Alabama 35203-2618
(205) 458-9400

## CERTIFICATE OF SERVICE

     I hereby certify that a copy of the above and foregoing has been served upon the following listed persons by electronic service this March 9, 2006.

Eric Breithaupt, Esq.
Lynn Shutt Darty, Esq.
Christian & Small, LLP
505 20th Street North
Birmingham, Alabama 35203-2695


                                      __/S/ Clark R. Hammond_____