IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| DOUBLE A TRAILER SALES, INC, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | CIVIL ACTION NO. 3:05cv1107-T |
| v. | ) | |
| | ) | |
| CHRISS W. STREET and | ) | TRIAL BY JURY DEMANDED |
| DONALD R. SHEETZ | ) | |
| | ) | |
| DEFENDANTS. | ) | |

### REPORT OF PARTIES' PLANNING MEETING

Double A Trailer Sales, Inc. (the "Plaintiff" or "Double A") and Chriss W. Street (the "Defendant" or "Street") submit the following written report of the parties' planning meeting pursuant to Rule 26(f) of the Federal Rules of Civil Procedure:[1]

1.  Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on March 21, 2006 and was attended by Eric J. Breithaupt for the Plaintiff and Clark R. Hammond for the Defendant.

2.  Pre-Discovery Disclosures. The parties will exchange by April 23, 2006, the information required by Fed. R. Civ. P. 26(a)(1).

3.  Discovery Plan. The parties jointly propose to the Court the following discovery plan:

    a.  Discovery will be needed on the following subjects:

        1.  The financial condition of Dorsey Trailer Company, Inc. from June 7, 2001 through September 14, 2004.
        2.  The alleged representations made by Street to the Plaintiff regarding the financial condition of Dorsey Trailer Company, Inc. from June 7, 2001 through September 14, 2004.
        3.  Dorsey Trailer Company, Inc.'s disposition of the prepaid funds remitted by the Plaintiff for the purchase of various trailers.

---

[1] Plaintiff has settled with Defendant, Donald R. Sheetz, and expects to file a dismissal motion within 14 days.

    4.    Street's knowledge regarding whether Dorsey Trailer Company, Inc. had the means and intent to manufacture the trailers purchased by the Plaintiff at the time when the Plaintiff remitted payment.

    5.    Dorsey Trailer Company, Inc.'s intent, if any, to repay the Plaintiff for the Plaintiff's $404,970.30 cash advance to Dorsey Trailer Company, Inc. at the time the advance was made.

    6.    Street's knowledge regarding the ownership of the raw materials that Dorsey Trailer Company, Inc. pledged to the Plaintiff as collateral for the $404,970.30 cash advance.

    7.    Dorsey Trailer Company, Inc.'s shipments of raw materials and equipment related to the manufacture of the trailers purchased by the Plaintiff to Fruehauf Mexico.

    8.    Plaintiff knowledge of Dorsey Trailer Company, Inc.'s financial condition during the applicable time period.

    9.    Plaintiff knowledge regarding the means and ability of Dorsey Trailer Company, Inc. to manufacture the trailers allegedly purchased by Plaintiff.

    b.    All discovery commenced in time to be completed by 210 days from the entry of the scheduling order.

    c.    Maximum of 40 interrogatories by each party to any other party. Responses due 30 days after service.

    d.    Maximum of 40 requests for admission by each to any other party. Responses due 30 days after service.

    e.    Maximum of 5 non-expert fact depositions by Plaintiff and 5 non-expert fact depositions by Defendant, limited to maximum of 8 hours examination time per party unless extended by agreement of parties, that will be taken on or before 120 days from the entry of the scheduling order.

    f.    Reports from retained experts under Rule 26(a)(2) due from Plaintiff within 2 weeks after the completion of all non-expert facts depositions and from Defendant within 4 weeks after the completion of all non-expert facts depositions.

    g.    The number of experts and depositions of experts will be limited to 3 by each party, limited to maximum of 8 hours examination time per party unless extended by agreement

of parties, and will be taken on or before 180 days from the entry of the scheduling order.

  h.  Supplementations under Rule 26(e) due by 210 days from the date of the scheduling order.

  4.  Other Items:

  a.  The parties do not request a conference with the Court before entry of the scheduling order.

  b.  The parties request a pretrial conference 4 weeks from the trial date.

  c.  Plaintiff should be allowed until 90 days from the entry of the scheduling order to join additional parties and until that same date to amend the pleadings.

  d.  Defendant should be allowed until 90 days from the entry of the scheduling order to join additional parties and until that same date to amend the pleadings.

  e.  All potentially dispositive motions shall be filed no later than 90 days prior to the pretrial conference.

  f.  Settlement cannot be evaluated prior to 90 days from the entry of the scheduling order at which time all additional parties will have been joined and the pleadings will have been amended accordingly.

  g.  Final lists of witnesses and exhibits under Fed. R. Civ. P. 26(a)(3) should be due from Plaintiff by 2 weeks from the trial date and from Defendant by the same date.

  h.  Parties should have 7 days after service of final lists of witnesses and exhibits to list objections under Fed. R. Civ. P. 26(a)(3).

  i.  The case should be ready for trial by November 2006 and at this time is expected to take approximately 4 days upon selection of the jury.

Dated:  March 23, 2006

                /s/ Eric J. Breithaupt
                Eric J. Breithaupt
                Lynn S. Darty
                Attorneys for Plaintiff, Double A Trailer Sales, Inc.

                /s/ Clark S. Hammond
                Clark S. Hammond
                Lindan Hill
                Attorneys for Defendant, Chris Street

**This report prepared by:**

Eric J. Breithaupt
Attorney for Plaintiff, Double A Trailer Sales, Inc.
Christian & Small, LLP
505 20th Street North, Suite 1800
Birmingham, Alabama 35203
(205) 795-6588