IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DOUBLE A TRAILER SALES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:05CV1107-MHT |
| | ) | [WO] |
| CHRISS W. STREET, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER ON MOTION

On 4 August 2006, the defendant, CHRISS W. STREET, filed a Motion to Quash Notice of Continued Deposition of Tasha Dolan ["Dolan"] (Doc. # 23), seeking an order prohibiting resumption of Dolan's deposition. Based upon counsel's representations during a telephone conference on 4 August 2006, the court concludes that the motion should be denied.

During the telephone conference, the following undisputed facts emerged:

1. Counsel for the parties began Dolan's deposition in California in July, after due notice. A California Attorney, Phillip Greer, Esq. ["Greer"], who is not admitted in this court and is not an attorney of record in this case, attended Dolan's deposition for the defendant.

2. The commencement of Dolan's deposition was delayed because of a request from defendant's counsel, and because Dolan herself later developed a scheduling conflict.

3. Dolan and counsel for the defendant became aware in mid-July of plaintiff's intention to resume her deposition on 7 August 2006 in Birmingham; Dolan consented to the date and place, inasmuch as she was scheduled to be in Alabama on other business.

4. Greer, however, is unable to attend the deposition on 7 August.

In consideration of the foregoing circumstances, the court determines that equity is on the side of the plaintiff. Because of the likelihood that Dolan's deposition could have been completed in California, but for defendant's requested delay; and because the plaintiff has already incurred substantial costs for the first deposition; and for the other reasons previously stated, it is appropriate that Dolan's deposition resume in Birmingham on 7 August 2006.

The court discerns no cognizable prejudice to the defendant. One of his counsel of record, Clark Rodgers Hammond, Esq. or Lindan Jerome Hill, Esq., is apparently available for the deposition, and the site occasions no extraordinary expense for either side. Moreover, plaintiff's counsel has implied that, if begun early in the day, Dolan's deposition can be completed before mid-day.

Accordingly, it is

ORDERED that the defendant's Motion to Quash is DENIED. The parties are DIRECTED to proceed with Dolan's deposition on 7 August 2006 in Birmingham.

DONE this 7th day of August, 2006.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON

                                        UNITED STATES MAGISTRATE JUDGE