**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**

| | |
|---|---|
| DOUBLE A TRAILER SALES, INC, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | CIVIL ACTION NO. 3:05cv1107-T |
| v. ) | |
| ) | |
| CHRISS W. STREET ) | |
| ) | |
| DEFENDANT. ) | |

**MOTION TO QUASH OR, IN THE ALTERNATIVE,**
**MOTION FOR PROTECTIVE ORDER**

Comes now the plaintiff, Double A Trailer Sales, Inc. (hereinafter "Double A"), and moves the Court, pursuant to Fed. R. Civ. P. 45(c)(3)(A)(iii) for the entry of an order quashing certain third party subpoenas issued by the Defendant, Chriss W. Street (hereinafter "Street"). In the alternative, pursuant to Fed. R. Civ. P. 26(c), Double A moves for the entry of a protective order as to third party the subpoenas as Defendant is seeking to discover evidence that is neither admissible nor reasonably calculated to lead to the discovery of admissible evidence. As grounds therefor, Double A says as follows:

1. On July 26, 2006, counsel for Street served a third-party subpoena on James Stroh. *See* Subpoena attached as Exhibit A. Mr. Stroh is the outside accountant for Double A. The subpoena directed to Mr. Stroh requests documents reflecting communications between Mr. Stroh and Double A; various communications with other third parties regarding the indebtedness owed to Double A by Dorsey Trailer Company, the company formerly fronted by Street; and numerous documents pertaining to the financial condition of Double A, including tax returns, checking accounts, balance sheets, financial statements, and opinions regarding solvency of Double A. *See* Exhibit A. The

subpoena also commands Stroh to appear for a deposition on August 28, 2006.  *Id.*  Mr. Stroh has responded to the subpoena with respect to those items which relate to Double A and Dorsey Trailer Company, but has declined to respond to those requests which are either irrelevant, not reasonably calculated to lead to the discovery of admissible evidence or which deal with unrelated financial information of Double A.  *See* Exhibit B.

      2. On or about July 26, 2006, counsel for Street served a third-party subpoena on Mark Wannemacher.  *See* Subpoena attached as Exhibit C.  Mr. Wannemacher is an officer of Double A. The subpoena directed to Mr. Wannemacher requests documents reflecting communications between Mr. Wannemacher and Double A and various communications with other third parties regarding the indebtedness owed to Double A by Dorsey Trailer Company.  *See* Exhibit C.  Mr. Wannemacher has responded that he personally has no documents which are responsive to the subpoena, and that to the extent responsive documents exist, they are in the custody of Double A.  In light of the fact that no discovery requests whatsoever have been directed by Street to Double A, a protective order is sought by this motion to prevent a circuitous attempt to obtain discovery where more practical, direct devices exist.

      3. On or about July 27, 2006, counsel for Street served a third-party subpoena on Steven L. Diller.  *See* Subpoena attached as Exhibit D.  Mr. Diller is an attorney and performed work for Double A during the time frame wherein the operative facts of this action arose.  The subpoena directed to Mr. Diller requests documents reflecting communications between Mr. Diller and Double A and various alleged communications with other third parties regarding the indebtedness owed to Double A by Dorsey Trailer Company, the company formerly fronted by Street.  *See* Exhibit D.

4.      Despite the fact that the third party subpoenas to Stroh, Wannemacher and Diller seek documents involving communications with or regarding Double A, Street has propounded absolutely no discovery to Double A seeking such information.

**Argument**

**I.     The Subpoena Directed to Mr. Diller Must Be Quashed as it Seeks Information Protected by the Attorney-Client Privilege and the Work Product Doctrine.**

A party has standing to quash a subpoena served on a third party if the party alleges a "personal right or privilege" with respect to the subpoenas. *Brown v. Braddick*, 595 F. 2d 961, 967 (5th Cir. 1979); *see also Maxwell v. Health Center of Lake City, Inc.*, 2006 WL 1627020, *2 (M.D. Fla. 2006); *Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc.*, 231 F. R. D. 426, 429 (M.D. Fla. 2005). Double A has such standing. The subpoenas herein are directed to either an officer, accountant or lawyer of Plaintiff. To the extent that Double A has retained the services of accountants and lawyers, any documents in the possession of those professionals are the property of Double A. Likewise, to the extent that Mr. Wannemacher is, or has been in possession of responsive documents, that possession would purely be as a result of his activities as an officer of the corporation.

A subpoena must be quashed or modified if it "requires disclosure of privileged or other protected matter and no exception or waiver applies." Fed.R.Civ.P. 45(c)(3)(A)(iii). The subpoena directed to Mr. Diller is due to be quashed as it seeks documents protected by the attorney-client/work product privilege. The subpoena directed to Mr. Diller, Double A's former attorney, not only seeks documents specifically reflecting communications between Diller and his client, Double A, but also seeks numerous documents relating to communications between Diller and

3

various third parties regarding Defendant Street and Dorsey - all of which constitute work product as Diller's interaction with these third-parties was on behalf of his client in anticipation of litigation.

Federal Rule Civ.Proc. 26(b)(1) provides: "Parties may obtain discovery regarding any matter, *not privileged*, which is relevant to the subject matter involved in the pending action · · · ." (Emphasis supplied.) The instant case is brought under diversity jurisdiction, 28 U.S.C. § 1332(a), and Fed. Rule Evid. 501 states that "in civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness [or] person · · · shall be determined in accordance with State law." The attorney-client and work product privileges are firmly established in Alabama jurisprudence. Ala. R. Evid 502 protects confidential communications made for the purpose of facilitating the rendition of professional legal services to the client. *See* Ala. R. Evid 502(b). Street's subpoena seeking documents concerning communications between Diller and Double A clearly attempts to gain such privileged documents.

Similarly, Street's requests regarding Diller's communication with various third-parties regarding Dorsey is an attempt to uncover documents protected by the work product privilege as the documents were prepared in anticipation of the current litigation. *See* Ala. R. Civ. P. 26(b)(3)(finding that the work product privilege protects "the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation).

Accordingly, as Defendant's subpoena to Mr. Diller clearly seeks documents which are protected by the attorney-client and/or work product privileges, the subpoena should be quashed.

> II. **This Court Should Enter a Protective Order as to the Third-Party Subpoenas Issued by Street.**

Federal Rule of Civil Procedure 26(c) provides that upon a showing of good cause, a court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The decision to enter a protective order is within the court's discretion and does not depend on a legal privilege. *Farnsworth v. Procter & Gamble Co.*, 758 F. 2d 1545, 1548 (11th Cir. 1985). In this case, a protective order is necessary as the third-party subpoenas issued by Street are overbroad, seek irrelevant and/or confidential information, and are not reasonably calculated to lead to discovery of admissible evidence. Under such circumstances, courts can grant a party's motion for a protective order as to third-party subpoenas and prohibit the issuing party from seeking discovery pursuant to the subpoenas. *See e.g.*, *Maxwell v. Health Center of Lake City, Inc.*, 2006 WL 1627020, *3 (M. D. Fla. 2006)

The scope of discovery is governed by Rule 26, which allows "discovery regarding any matter, not privileged, which is relevant to the subject matter of the pending litigation." Fed. R. Civ. P. 26(b)(1). The scope of discovery, however, is not without limits. *Oppenheimer Fund v. Sanders*, 437 U.S. 340, 351-52, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978). "Discovery of matter 'not reasonably calculated to lead to discovery of admissible evidence' is not within the scope of Rule 26(b)(1)." *Id.* at 352, 98 S.Ct. 2380. Furthermore, discovery requests that are otherwise reasonable may also be limited for the following reasons: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had the opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources,

and the importance of the proposed discovery in resolving issues. Fed. R. Civ. P. 26(b)(2).

The federal courts have adopted a balancing test regarding non-party production of discovery materials. Factors that should be weighed include relevance, the need of the party for the documents, the breadth of the document request, the time period covered by the request and the particularity with which the documents are described against the burden imposed on the person ordered to produce the desired information. *See, e.g., Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1313 (11th Cir.2001) *Farnsworth v. Proctor & Gamble Co.*, 758 F.2d 1545 (11th Cir. 1985); *American Elec. Power Co., Inc. v. United States*, 191 F.R.D. 132 (S. D. Oh. 1999). Courts must also consider the non-party status of a witness when determining the degree of burden; the status of the person as a non-party is a factor often weighing against disclosure. *See Schaaf v. SmithKline Beecham Corp.*, WL 2246146, *2 -3 (M. D. Fla. 2006) (citing *American Elec. Power Co., Inc.* at 136).

Defendant's discovery is irrelevant because it does not relate to a claim or defense by the parties in this action. The instant action is a fraud action which centers around representations of Street which resulted in certain payments by Double A for trailers which were to be manufactured by Street's company, Dorsey Trailer Company. Double A's financial condition, tax returns, and checking accounts are completely irrelevant to Double A's complaint and Street's defenses. Courts have found that third-party subpoenas seeking irrelevant and overly broad corporate financial records from third parties are subject to protective orders under Fed. R. Civ. P. 26(c). *See e.g., Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc.*, 231 F.R.D. 426, 430 (M. D. Fla. 2005).

Much of the information requested can be obtained from another source, namely the plaintiff, Double A. However, Street has chosen not to avail himself of his opportunity to obtain discovery

pursuant to the Rules of Civil Procedure. Street has instead issued subpoenas in an attempt to obtain privileged, irrelevant and inadmissible documents from third parties. Certainly, a party to this litigation is a more convenient source from which to obtain these documents - to the extent they are discoverable - rather than burdening non-parties. As the information sought is from non-parties, is privileged and/or irrelevant, and may be available from a party through the standard discovery process, a protective order should be entered pursuant to Rule 26(c).

WHEREFORE, the premises considered, Double A Trailer Sales, Inc. respectfully seeks the entry of an order quashing the third party subpoenas and/or a motion for a protective order along with such other relief as may be deemed appropriate.

By: /s/ Eric J. Breithaupt
Eric J. Breithaupt
Lynn Shutt Darty
Attorneys for Double A Trailer Sales, Inc.

OF COUNSEL:
CHRISTIAN AND SMALL LLP
Attorneys and Counselors
505 North 20th Street, Suite 1800
Birmingham, Alabama 35203
(205) 795-6588
(205) 328-7234 - Facsimile

## CERTIFICATE OF SERVICE

  I hereby certify that I have this date delivered a copy of the foregoing pleading via the ECF system and by United States Mail, properly addressed to the address shown below with first class postage on this the 14th day of August, 2006:

Clark R. Hammond
Lindan J. Hill
Johnston Barton Proctor & Powell LLP
2900 AmSouth Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203

              /s/ Eric J. Breithaupt
              Of Counsel