Issued by the
# United States District Court
Northern District of Ohio

| DOUBLE A TRAILER SALES, INC.,<br>Plaintiff,<br>vs.<br>CHRISS W. STREET,<br>Defendant. | SUBPOENA IN A CIVIL CASE<br><br>Case Number: 3:05cv1107-T<br><br>Case pending in the United States District Court for Middle District of Alabama |

To: James Stroh
Stroh, Johnson & Company LLP
1201 Defiance Street
Wapakoneta, Ohio 45895

___ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM, DATE & TIME |
|---|---|
|  |  |

XX YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE & TIME |
|---|---|
| James Stroh<br>Stroh, Johnson & Company LLP<br>1201 Defiance Street<br>Wapakoneta, Ohio 45895 | August 28, 2006<br>9:00 AM |

XX YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): See Exhibit A attached hereto

| PLACE OF PRODUCTION | DATE & TIME |
|---|---|
| Johnston Barton Proctor & Powell LLP<br>2900 AmSouth/Harbert Plaza<br>1901 Sixth Avenue North<br>Birmingham, Alabama 35203 | August 14, 2006<br>10:00 AM |

___ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE & TIME |
|---|---|
|  |  |

** Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | Date |
|---|---|
| *[signature]*<br>**Attorney for Defendant Chriss Street** | 7-26-06 |

| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER | | |
|---|---|---|
| Clark R. Hammond, Esq.<br>Lindan J. Hill, Esq. | Johnston Barton Proctor & Powell LLP<br>2900 AmSouth/Harbert Plaza<br>1901 Sixth Avenue North<br>Birmingham, Alabama 35203 | (205) 458-9400<br>(205) 458-9500<br>FAX |



EXHIBIT A

| PROOF OF SERVICE | | |
|---|---|---|
| SERVED: | Date | Place |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on: _____
                      DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

Rule 45, Federal Rules of Civil Procedure, Parts C & D:
(C) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
  (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
  (2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
    (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.
  (3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
    (i) fails to allow reasonable time for compliance;
    (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
    (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
    (iv) subjects a person to undue burden.
  (B) If a subpoena
    (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
    (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
    (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.
(D) DUTIES IN RESPONDING TO SUBPOENA.
  (1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
  (2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## **EXHIBIT "A"**

### Definitions and Instructions

As used in this Request:

1.  The word "document" or "documents" as used herein means originals or any exact copies of written, recorded transcribed, punched, filmed, taped, or graphic matter, however and by whomever prepared, produced reproduced, disseminated or made, including without limitation, writings and printed matter of every kind and description, photographs and drawings, records of oral communications, agreements, correspondence, email, telegrams, memoranda, summaries or records of telephone conversations, summaries or records of personal interviews, diaries, graphs, memoranda, inter-office or inter-office communications, letters, studies, summaries, articles, statements, comments, worksheets, statistics, graphic records, plats, reports, notebooks, notes, charts, plans, drawings, budgets, schedules, maps, summaries or records of meetings or conferences, summaries or reports of investigations or negotiations, opinions or reports of consultants, contracts, agreements, agendas, appraisals, final and preliminary loan opinions, closing sheets or statements, loan applications, promissory notes, security agreements, financing statements, leases, checks, cancelled checks, statistical records, computer printouts, books of accounts, records and invoices reflecting business operations, any notes or drafts relating to the foregoing and all things similar to any of the foregoing however denominated. The term "document" also means all copies or reproductions of all of the foregoing items upon which notation in writing, print, or otherwise has been made that do not appear on the originals.

2.  The word "person" or "persons" as used herein include(s), without limitation, any natural person or individuals, associations, partnerships, corporations, joint ventures, unions, and other organizations; unless otherwise indicated, the word "person" refers to the individual, entity, division or d/b/a in question.

3.  In the event any document is withheld on the basis of any legal objection or privilege, you shall indicate the following information for each such withheld document;

    a.  The date of the document;
    b.  The general character of type of document (i.e., letter, memorandum, notes of meetings, etc.);
    c.  The identity of the person in possession of the document;
    d.  The identity of the author of the document;
    e.  The identity of all recipients or holders of the document;
    f.  A brief description of the nature and subject matter of the document; and
    g.  The legal basis, including, but not limited to any legal objection or privilege, for withholding the document.

4.  If you claim that any documents are lost or destroyed:

    a.  Identify and describe each such document by date, author and recipient;
    b.  Provide a brief summary of its contents; and
    c.  Explain how and when said document was lost or destroyed.

5. The term "Communication" means any type of written or oral communication (e.g., letter, memorandum, meeting, face to face conversation or telephone conversation), regardless of the medium by which such communication occurred.

6. "Double A" means Double A Trailer Sales, Inc. or any person or entity acting on behalf of or representing Double A.

7. "Dorsey" means Dorsey Trailers Company, Inc. or any person or entity acting on behalf of or representing Dorsey.

8. "You" means the entity or person to whom this subpoena is directed and any person acting on behalf of or representing you.

## REQUESTED DOCUMENTS

1. All documents which reflect, embody, relate or refer to in any way to communications between you and Double A regarding in anyway to Dorsey or any obligations or liabilities of Dorsey.
2. All documents, which relate, embody or refer to indebtedness currently due and owing by Dorsey to you.
3. All documents which reflect, embody, relate or refer to in any way to communications between Double A and you from January 1, 2003 to the present, including but not limited to any communications pertaining to the possible filing of an involuntary petition against Dorsey.
4. All documents which reflect, embody, relate or refer to in any way to communications between you and Steven L. Diller regarding Dorsey.
5. All documents which reflect, embody, relate or refer to in any way to communications between you and Fifth Third Bank regarding Dorsey or any indebtedness due to Double A or you by Dorsey.
6. All documents which reflect, embody, relate or refer to in any way communications between you and Tasha Dolan regarding Chriss Street or the indebtedness due to Double A or you by Dorsey.
7. All documents which reflect, embody, relate or refer to in any way communications between you and any creditor of Dorsey from January 1, 2003.
8. All documents which reflect, embody, relate or refer to in any way communications between you and Wachovia Bank (formerly known as SouthTrust Bank) regarding Dorsey or Chriss Street.
9. All documents which reflect, embody, relate or refer to in any way communications between you and Don Sheetz regarding Dorsey or Chriss Street.
10. All documents which reflect, embody, relate or refer to in any way communications between you and David Harrow regarding Dorsey or Chriss Street.
11. All documents which reflect, embody, relate or refer to in any way communications between you and Jeffrey Granger or any one at Focus Management regarding Dorsey or Chriss Street.
12. All documents which reflect, embody, relate or refer to in any way communications between you and James Stroh regarding Dorsey or Chriss Street.
13. All documents which reflect, embody, relate or refer to in any way communications between you and David Neier of Winston and Strawn regarding Dorsey or Chriss Street.
14. All documents, for the period of January 1, 2003 to the present pertaining to the financial condition of Double A including, but not limited to, reports, books, records, financial statements (audited or unaudited), cash flow projections, book account records, working papers, profit and loss statements, balance sheets, tax returns (state and federal), checking accounts and checking

account reconciliations, whether paper or hard copy or on disks, CDs, and/or any other type of electronic media.

15. All documents reflecting, in whole or in part, the substance of any opinion(s), finding(s) or conclusions, whether preliminary or final, by your firm relating to the solvency or insolvency of Double A from 2002 to the present, including, but not limited to any statements, opinions, beliefs relating to the Company's ability to continue as a going concern.

# DRAFT

August 11, 2006

Mr. Lindan Hill
Johnston Barton Proctor & Powell LLP
2900 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, AL  35203

**Via e-mail to:  ljh@jbpp.com**

RE:  Double A Trailers Sales, Inc. vs. Chriss W. Street

Dear Mr. Hill:

This is in response to your subpoena dated July 26, 2006, requesting certain information related to our client, Double A Trailer Sales, Inc. and it's principal shareholder, Mark Wannemacher.

When we did the work on the Dorsey project, I created a separate binder for all of the documents, notes, e-mails, and letters.  I have include scanned copies of all of these documents.  As you had indicated in your e-mail of 8/7/06, scanned, electronic copies would satisfy the request.

In your "Requested Documents", there are certain items that are not included.  These are discussed below by reference to their number.

2. There are no documents to supply here because Dorsey does not owe any monies to me.
3. I have included only documents related to the Dorsey matter, and not all communication with Double A and Mr. Wannemacher from 1/1/03 – present.  We have had many discussions that are completely unrelated to the Dorsey matter.  These would not be included.
4. Communication with Steve Diller.  I have had no communication with Mr. Diller regarding the Dorsey matter.
5. Communication with Fifth Third Bank.  I have had no communication with Fifth Third Bank regarding the Dorsey matter.
7. I had no communication with any creditor of Dorsey, other than Double A Trailer Sales and SouthTrust Bank.  The communication with SouthTrust was limited to meetings on 3/4/04 and 3/5/04. See notes enclosed.
9. I find no evidence of  communication with Don Sheetz.  I had sent him an e-mail requesting certain data.
10. No communication with David (Dan) Harrow.


EXHIBIT B

Mr. Lindan Hill
Johnston Barton Proctor & Powell LLP      Page 2 of 2                    8/11/06

11. No communication with Jeffrey Granger or Focus Management.
12. No communication with James Stroh - as this would be myself.
13. No communication with David Neier.
14. Documents pertaining to the financial condition of Double A have not been furnished, as this information is not pertinent to this case.
15. No documents have been prepared by our firm testing or analyzing the solvency of Double A.

I have included a copy of this letter and documents to Eric Breithaupt and to Mark Wannemacher.

Yours very truly,

STROH, JOHNSON & COMPANY LLP

*[signature: James H. Stroh]*

James H. Stroh, CPA

Enclosures

Cc:   Eric Breithaupt,
      Mark Wannemacher, Double A Trailer Sales, Inc.

1875Ltr20060811_JBPP.doc\jhs

Issued by the
# United States District Court
Northern District of Ohio

| | |
|---|---|
| DOUBLE A TRAILER SALES, INC., <br> Plaintiff, <br> vs. <br> CHRISS W. STREET, <br> Defendant | **SUBPOENA IN A CIVIL CASE** <br><br> Case Number: 3:05cv1107-T <br><br> Case pending in the United States District Court for the Middle District of Alabama |

To: Mark Wannemacher
7745 Ridge Rd.
Lima, Ohio 45807

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE & TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE & TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): See Exhibit A attached hereto

| PLACE OF PRODUCTION | DATE & TIME |
|---|---|
| Johnston Barton Proctor & Powell LLP <br> 2900 AmSouth/Harbert Plaza <br> 1901 Sixth Avenue North <br> Birmingham, Alabama 35203 | August 1_, 2006 <br> 10:00 AM |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE & TIME |
|---|---|
| | |

** Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | Date |
|---|---|
| [signature] <br> Attorney for Defendant Chriss Street | 7/2_/06 |

| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER | | |
|---|---|---|
| Clark R. Hammond, Esq. <br> Lindan J. Hill, Esq. | Johnston Barton Proctor & Powell LLP <br> 2900 AmSouth/Harbert Plaza <br> 1901 Sixth Avenue North <br> Birmingham, Alabama 35203 | (205) 458-9400 <br> (205) 458-9500 FAX |



EXHIBIT C

## PROOF OF SERVICE

|  | Date | Place |
|---|---|---|
| SERVED: |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
|  |  |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
|  |  |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on: _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:
(C) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.
(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.
(D) DUTIES IN RESPONDING TO SUBPOENA.
(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## EXHIBIT "A"

### Definitions and Instructions

As used in this Request:

1.  The word "document" or "documents" as used herein means originals or any exact copies of written, recorded transcribed, punched, filmed, taped, or graphic matter, however and by whomever prepared, produced reproduced, disseminated or made, including without limitation, writings and printed matter of every kind and description, photographs and drawings, records of oral communications, agreements, correspondence, email, telegrams, memoranda, summaries or records of telephone conversations, summaries or records of personal interviews, diaries, graphs, memoranda, intra-office or inter-office communications, letters, studies, summaries, articles, statements, comments, worksheets, statistics, graphic records, plats, reports, notebooks, notes, charts, plans, drawings, budgets, schedules, maps, summaries or records of meetings or conferences, summaries or reports of investigations or negotiations, opinions or reports of consultants, contracts, agreements, agendas, appraisals, final and preliminary loan opinions, closing sheets or statements, loan applications, promissory notes, security agreements, financing statements, leases, checks, cancelled checks, statistical records, computer printouts, books of accounts, records and invoices reflecting business operations, any notes or drafts relating to the foregoing and all things similar to any of the foregoing however denominated. The term "document" also means all copies or reproductions of all of the foregoing items upon which notation in writing, print, or otherwise has been made that do not appear on the originals.

2.  The word "person" or "persons" as used herein include(s), without limitation any natural person or individuals, associations, partnerships, corporations, joint ventures, unions, and other organizations; unless otherwise indicated, the word "person" refers to the individual, entity, division or d/b/a in question.

3.  In the event any document is withheld on the basis of any legal objection or privilege, you shall indicate the following information for each such withheld document:

    a.  The date of the document;
    b.  The general character of type of document (i.e., letter, memorandum, notes of meetings, etc.);
    c.  The identity of the person in possession of the document;
    d.  The identity of the author of the document;
    e.  The identity of all recipients or holders of the document;
    f.  A brief description of the nature and subject matter of the document; and
    g.  The legal basis, including, but not limited to any legal objection or privilege, for withholding the document.

4.  If you claim that any documents are lost or destroyed:

    a.  Identify and describe each such document by date, author and recipient;
    b.  Provide a brief summary of its contents; and
    c.  Explain how and when said document was lost or destroyed.

5. The term "Communication" means any type of written or oral communication (e.g., letter, memorandum, meeting, face to face conversation or telephone conversation), regardless of the medium by which such communication occurred.

6. "Double A" means Double A Trailer Sales, Inc. or any person or entity acting on behalf of or representing Double A.

7. "Dorsey" means Dorsey Trailers Company, Inc. or any person or entity acting on behalf of or representing Dorsey.

8. "You" means the entity or person to whom this subpoena is directed and any person acting on behalf of or representing you.

## REQUESTED DOCUMENTS

1. All documents which reflect, embody, relate or refer to in any way to communications between you and Double A regarding in anyway to Dorsey or any obligations or liabilities of Dorsey.
2. All documents, which relate, embody or refer to indebtedness currently due and owing by Dorsey to you.
3. All documents which reflect, embody, relate or refer to in any way to communications between Double A and you from January 1, 2003 to the present, including but not limited to any communications pertaining to the possible filing of an involuntary petition against Dorsey.
4. All documents which reflect, embody, relate or refer to in any way to communications between you and Fifth Third Bank regarding Dorsey or any indebtedness due to Double A or you by Dorsey.
5. All documents which reflect, embody, relate or refer to in any way communications between you and Tasha Dolan regarding Chriss Street or the indebtedness due to Double A or you by Dorsey.
6. All documents which reflect, embody, relate or refer to in any way communications between you and any creditor of Dorsey from January 1, 2003.
7. All documents which reflect, embody, relate or refer to in any way communications between you and Wachovia Bank (formerly known as SouthTrust Bank) regarding Dorsey or Chriss Street.
8. All documents which reflect, embody, relate or refer to in any way communications between you and Don Sheetz regarding Dorsey or Chriss Street.
9. All documents which reflect, embody, relate or refer to in any way communications between you and David Harrow regarding Dorsey or Chriss Street.
10. All documents which reflect, embody, relate or refer to in any way communications between you and Jeffrey Granger or any one at Focus Management regarding Dorsey or Chriss Street.
11. All documents which reflect, embody, relate or refer to in any way communications between you and James Stroh regarding Dorsey or Chriss Street.
12. All documents which reflect, embody, relate or refer to in any way communications between you and David Neier of Winston and Strawn regarding Dorsey or Chriss Street.

Issued by the
# United States District Court
## Northern District of Ohio

| DOUBLE A TRAILER SALES, INC., <br> Plaintiff, <br> vs. <br> CHRISS W. STREET, <br> Defendant. | SUBPOENA IN A CIVIL CASE <br><br> Case Number: 3:05cv1107-T <br><br> Case pending in the United States District Court for the Middle District of Alabama |
|---|---|

To:   Steven L. Diller, Esq.
      124 E. Main Street
      Van Wert, Ohio 45891

| ___ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case. ||
|---|---|
| PLACE OF TESTIMONY | COURTROOM, DATE & TIME |
|   |   |

| ___ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. ||
|---|---|
| PLACE OF DEPOSITION | DATE & TIME |
|   |   |

| XX  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):  See Exhibit A attached hereto ||
|---|---|
| PLACE OF PRODUCTION | DATE & TIME |
| Johnston Barton Proctor & Powell LLP <br> 2900 AmSouth/Harbert Plaza <br> 1901 Sixth Avenue North <br> Birmingham, Alabama 35203 | August 14, 2006 <br> 10:00 AM |

| ___ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below. ||
|---|---|
| PREMISES | DATE & TIME |
|   |   |

** Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | Date |
|---|---|
| /s/ Clark R. Hammond <br> Attorney for Defendant Chriss Street | 7/27/06 |

| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER |||
|---|---|---|
| Clark R. Hammond, Esq. <br> Lindan J. Hill, Esq. | Johnston Barton Proctor & Powell LLP <br> 2900 AmSouth/Harbert Plaza <br> 1901 Sixth Avenue North <br> Birmingham, Alabama 35203 | (205) 458-9400 <br> (205) 458-9500 FAX |


EXHIBIT D

| PROOF OF SERVICE | | |
|---|---|---|
| SERVED: | Date | Place |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on: _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:
(C) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.
(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.
(D) DUTIES IN RESPONDING TO SUBPOENA.
(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## EXHIBIT "A"

### Definitions and Instructions

As used in this Request:

1. The word "document" or "documents" as used herein means originals or any exact copies of written, recorded transcribed, punched, filmed, taped, or graphic matter, however and by whomever prepared, produced reproduced, disseminated or made, including without limitation, writings and printed matter of every kind and description, photographs and drawings, records of oral communications, agreements, correspondence, email, telegrams, memoranda, summaries or records of telephone conversations, summaries or records of personal interviews, diaries, graphs, memoranda, inter-office or inter-office communications, letters, studies, summaries, articles, statements, comments, worksheets, statistics, graphic records, plats, reports, notebooks, notes, charts, plans, drawings, budgets, schedules, maps, summaries or records of meetings or conferences, summaries or reports of investigations or negotiations, opinions or reports of consultants, contracts, agreements, agendas, appraisals, final and preliminary loan opinions, closing sheets or statements, loan applications, promissory notes, security agreements, financing statements, leases, checks, cancelled checks, statistical records, computer printouts, books of accounts, records and invoices reflecting business operations, any notes or drafts relating to the foregoing and all things similar to any of the foregoing however denominated. The term "document" also means all copies or reproductions of all of the foregoing items upon which notation in writing, print, or otherwise has been made that do not appear on the originals.

2. The word "person" or "persons" as used herein include(s), without limitation, any natural person or individuals, associations, partnerships, corporations, joint ventures, unions, and other organizations; unless otherwise indicated, the word "person" refers to the individual, entity, division or d/b/a in question.

3. In the event any document is withheld on the basis of any legal objection or privilege, you shall indicate the following information for each such withheld document;

    a. The date of the document;
    b. The general character of type of document (i.e., letter, memorandum, notes of meetings, etc.);
    c. The identity of the person in possession of the document;
    d. The identity of the author of the document;
    e. The identity of all recipients or holders of the document;
    f. A brief description of the nature and subject matter of the document; and
    g. The legal basis, including, but not limited to any legal objection or privilege, for withholding the document.

4. If you claim that any documents are lost or destroyed:

    a. Identify and describe each such document by date, author and recipient;
    b. Provide a brief summary of its contents; and
    c. Explain how and when said document was lost or destroyed.

5. The term "Communication" means any type of written or oral communication (e.g., letter, memorandum, meeting, face to face conversation or telephone conversation), regardless of the medium by which such communication occurred.

6. "Double A" means Double A Trailer Sales, Inc. or any person or entity acting on behalf of or representing Double A.

7. "Dorsey" means Dorsey Trailers Company, Inc. or any person or entity acting on behalf of or representing Dorsey.

8. "You" means the entity or person to whom this subpoena is directed and any person acting on behalf of or representing you.

## REQUESTED DOCUMENTS

1. All documents which reflect, embody, relate or refer to in any way to communications between you and Double A regarding in anyway to Dorsey or any obligations or liabilities of Dorsey.
2. All documents, which relate, embody or refer to indebtedness currently due and owing by Dorsey to you.
3. All documents which reflect, embody, relate or refer to in any way to communications between Double A and you from January 1, 2003 to the present, including but not limited to any communications pertaining to the possible filing of an involuntary petition against Dorsey.
4. All documents which reflect, embody, relate or refer to in any way to communications between you and Fifth Third Bank regarding Dorsey or any indebtedness due to Double A or you by Dorsey.
5. All documents which reflect, embody, relate or refer to in any way communications between you and Tasha Dolan regarding Chriss Street or the indebtedness due to Double A or you by Dorsey.
6. All documents which reflect, embody, relate or refer to in any way communications between you and any creditor of Dorsey from January 1, 2003.
7. All documents which reflect, embody, relate or refer to in any way communications between you and Wachovia Bank (formerly known as SouthTrust Bank) regarding Dorsey or Chriss Street.
8. All documents which reflect, embody, relate or refer to in any way communications between you and Don Sheetz regarding Dorsey or Chriss Street.
9. All documents which reflect, embody, relate or refer to in any way communications between you and David Harrow regarding Dorsey or Chriss Street.
10. All documents which reflect, embody, relate or refer to in any way communications between you and Jeffrey Granger or any one at Focus Management regarding Dorsey or Chriss Street.
11. All documents which reflect, embody, relate or refer to in any way communications between you and James Stroh regarding Dorsey or Chriss Street.
12. All documents which reflect, embody, relate or refer to in any way communications between you and David Neier of Winston and Strawn regarding Dorsey or Chriss Street.