IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **DOUBLE A TRAILER SALES, INC.** ) | |
| ) | |
| **PLAINTIFF,** ) | |
| ) | **CIVIL ACTION NO: 05-1107** |
| v. ) | |
| ) | |
| **CHRISS W. STREET and** ) | |
| **DONALD R. SHEETZ** ) | |
| ) | |
| **DEFENDANTS.** ) | |

**DEFENDANT'S MOTION FOR EXTENSION OF THE DISCOVERY PERIOD AND CONTINUE THE TRIAL FOR NINETY DAYS**

COMES NOW, the Defendant, Chriss Street, by and through the undersigned counsel, and respectfully moves this Court to enter and order extending the discovery period by ninety (90) days and continue the trial setting in the above styled matter for ninety (90) days. In support of these motions, the Defendant States as follows:

1. Plaintiff filed this complaint on November 17, 2005.

2. This Honorable Court entered a scheduling order on March 27, 2006.

3. Pursuant to the scheduling order, all discovery is to be completed on or before September 3, 2006.

4. On July 26, 2006, counsel for the Defendant served third-party subpoenas on James Stroh ("Stroh") and Mark Wannemacher ("Wannemacher").

5. On July 27, 2006, counsel for the Defendant served a third-party subpoena on Steven L. Diller ("Diller").

6. On or about August 14, 2006, counsel for the Plaintiff filed a motion to quash the subpoena issued to Diller and requested the entry of a protective order for the subpoenas issued to Stroh and Wannemacher. No hearings on the motions have been scheduled by the Court.

7. Despite the Plaintiff's contention that the information sought from the parties to whom the subpoenas were issued is irrelevant, the documents and information sought is highly relevant and material to the Defendant's defenses, including but not limited to the characterizations of any payments made by Double A Trailer Sales, Inc. ("Double A") to Dorsey Trailer, Inc. ("Dorsey") and the putative reliance of Double A on any statements allegedly made by the Defendant.

8. The information sought is also likely to lead to more discoverable information, which will assist the Defendant in establishing his defenses.

9. Since counsel for the Plaintiff's filed a motion to quash the deposition of Steven Diller, the Defendant has not scheduled his deposition. Additionally, the Defendant has not obtained information, which the Plaintiff claims as being protected. As the deadline for discovery is currently set for September 3, 2006, the Defendant will be unable to schedule the deposition of Diller or others, review any additional documents received from the third-parties and conduct any additional discovery prior to the deadline and therefore requests the court to extend the time for discovery for ninety (90) days.

10. Appurtenant to the request to extend the discovery period for ninety (90) days, the Defendant also requests this court to continue the trial setting and other related deadlines in this matter for ninety (90) days to allow the Defendant to prepare for the trial after the end of the discovery period.

WHEREFORE, premises considered, the Defendant, Chriss W. Street, respectfully requests this Court to enter and order extending the discovery period for ninety (90) days to allow the Defendant to complete discovery to which the Plaintiff has objected and continue the trial in the matter for ninety (90) days to accommodate the expanded discovery period.

/S/ Clark R. Hammond_____
Clark R. Hammond
Lindan J. Hill
Attorneys for Defendant
Chriss W. Street

**OF COUNSEL:**

**JOHNSTON BARTON PROCTOR & POWELL LLP**
2900 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2618
Telephone:  (205) 458-9400
Facsimile:  (205) 458-9500

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing has been served upon the following listed persons by electronic service this August 25, 2006.

Eric Breithaupt, Esq.
Lynn Shutt Darty, Esq.
Christian & Small, LLP
505 20th Street North
Birmingham, Alabama 35203-2695


   /S/ Clark R. Hammond_____