**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | |
|---|---|
| DOUBLE A TRAILER SALES, INC, )<br>)<br>PLAINTIFF, )<br>)<br>v. )<br>)<br>CHRISS W. STREET )<br>)<br>DEFENDANT. ) | CIVIL ACTION NO. 3:05cv1107-MHT |

**<u>AMENDED ORDER ON PRETRIAL HEARING</u>**

A pretrial hearing was held in this case on September 6, 2006, wherein the following proceedings were held and actions taken:

1. <u>PARTIES AND TRIAL COUNSEL</u>:

    Eric J. Breithaupt and Clark R. Hammond.

    <u>COUNSEL APPEARING AT PRETRIAL HEARING</u>:

    Eric J. Breithaupt and Clark R. Hammond.

2. <u>JURISDICTION AND VENUE</u>: The parties stipulate as to jurisdiction and venue.

3. <u>PLEADINGS</u>: The following pleadings have been allowed:

    Complaint and Answer.

4. <u>CONTENTIONS OF THE PARTIES</u>:

    (1) For the Plaintiff:

    Double A Trailer Sales, Inc. ("Double A") contends that Defendant Chriss Street defrauded Plaintiff by inducing Double A to supply nearly $1.0 million in advances and pre-payments during January and February 2004 for the manufacture of over the road trailers from

Dorsey Trailers, Inc.  At all times material to the complaint, Defendant Chriss Street was the president of Dorsey Trailers, Inc.  In reasonable reliance upon Street's representations as to the ability of Dorsey Trailers, Inc. to construct the trailers for which pre-payment was made, Double A provided funds to its detriment.  At all times material to the complaint, Street misrepresented the ability of Dorsey Trailers, Inc. to perform, when in fact, the company was insolvent.  By March 2004, Dorsey Trailers, Inc. was essentially out of business and filed for Chapter 11 bankruptcy protection that same year.

      (2)  For the Defendant,

Defendant Chriss Street denies that he made any misrepresentation to Double A as to the financial condition of Dorsey.  Street further states that Double A was on notice of Dorsey's financial condition as early as the summer or fall of 2003.  Street would deny that Dorsey was insolvent as of the Spring of 2004 or that the company was essentially out of business.  Street would say that Double A made commitments to purchase certain trailers and to fund certain operations and when the funding was terminated, Dorsey was without an ability to continue to produce trailers.  Street would also say that Double A interfered with Dorsey's ability to continue in operation by contacting critical vendors of Dorsey in an attempt to solicit participation in the filing of an involuntary bankruptcy petition against Dorsey.  Finally, Street says that the vast majority of communication between Double A and Dorsey were between Mark Wannamacher, president of Double A and Tasha Dolan or between James Stroh, Double A's accountant and Tasha Dolan during this period of time and therefore if any misrepresentations took place it was as a result of those conversations or communications in which Street did not participate.

5.     STIPULATION BY AND BETWEEN THE PARTIES:

Discovery was completed on September 1, 2006.  The parties are granted leave to September 18, 2006, to make such stipulations as are consistent with the Court's prior pretrial orders.

**It is ORDERED that:**

**(1) The jury selection and trial of this cause, which is to last three (3) days, are set for October 23, 2006, at 10:00 a.m., at the federal courthouse in Opelika, Alabama;**

**(2) The parties are to file their pre-trial briefs, proposed jury selection questions, and proposed jury instructions by October 18, 2006;**

**(3) Each party shall have available at the time of trial, for use by the court (the judge, the courtroom deputy clerk, and the law clerk), three copies of the list of his or her exhibits;**

**(4) At least three days before trial, counsel are to contact the courtroom deputy clerk about the procedures for pre-marking all trial exhibits;**

(5) Each party shall have available a sufficient number of copies of each photostatically reproducible exhibit for each of the jurors, opposing counsel, the courtroom deputy clerk, the law clerk, and the judge; and

(6) All understandings, agreements, and stipulations contained in this pretrial order shall be binding on all parties unless an objection is noted and filed with the court within seven (7) days from the date of this order.

DONE, this the 14th day of September, 2006.

                               /s/ Myron H. Thompson
                              UNITED STATES DISTRICT JUDGE