IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **DOUBLE A TRAILER SALES, INC,** ) | |
| ) | |
| **PLAINTIFF,** ) | |
| ) | CIVIL ACTION NO. 3:05cv1107-T |
| v. ) | |
| ) | |
| **CHRISS W. STREET,** ) | |
| ) | |
| **DEFENDANT.** ) | |

**OBJECTIONS OF DOUBLE A TRAILER SALES, INC. TO
EXHIBITS OF CHRISS W. STREET AND MOTION IN *LIMINE***

COMES NOW Double A Trailer Sales, Inc. (hereinafter "Double A") and pursuant to Section 11 of the Uniform Scheduling Order entered herein, makes certain objections to the exhibits identified by the Defendant, Chriss W. Street (hereinafter "Street") in anticipation of trial. Double A further seeks to exclude the admission of certain other evidence *in limine* relating to any allegations by Street that Mark Wannemacher (who is a non-party) attempted to initiate the filing of an involuntary bankruptcy against Dorsey Trailer Company, Inc. (who is also a non-party). As grounds therefore, Double A says as follows:

**FACTUAL BACKGROUND**

1. Double A contends that Defendant Street defrauded Plaintiff by inducing Double A to supply nearly $1,000,000 in advances and pre-payments during January and February 2004 for the manufacture of over-the-road trailers by Dorsey Trailer Company, Inc. (hereinafter "Dorsey"). At all times material to the Complaint, Street was the President of Dorsey. In reasonable reliance upon Street's representations as to the ability of Dorsey to construct the trailers for which pre-payment had

been made, Double A provided funds to its detriment. At all times material to the Complaint, Double A asserts that Street misrepresented the ability of Dorsey to perform, when in fact, the company was insolvent. By March, 2004, Dorsey was essentially out of business and filed for Chapter 11 bankruptcy protection that same year.

2. Double A says that Street made a series of misrepresentations to Plaintiff commencing in the Fall of 2003 and continuing onward until on, or about, March 5, 2004. In pertinent part, Double A wire transferred $659,832.04 on, or about, January 16, 2004 to prepay for the manufacture for a number of trailers reflected on seven different invoices. Subsequently, in a series of three wire transfers made on February 11, 2004 through February 17, 2004, Double A made an additional advance to Dorsey in the amount of $404,970.30 which represented a double payment for a group of trailers which had previously been pre-paid. These specific advances of cash are the items about which Double A complains against Street.

3. During that same time frame, an interest arose in exploring the possible acquisition of Dorsey. As a component of that due diligence, a "Confidentiality Agreement" was executed between Mark Wannemacher (who is the President of Double A) and Dorsey on, or about, February 9, 2004. Due diligence continued from that time through a meeting on site at the business premises of Dorsey in Elba, Alabama on March 3 - 5, 2004. By the conclusion of that meeting, due diligence was terminated and there was no future interest in acquiring Dorsey on a going-forward basis. Defendant Street contends that "Double A interfered with Dorsey's ability to continue in operation by contacting critical vendors of Dorsey in an attempt to solicit participation in the filing of an involuntary bankruptcy petition against Dorsey." [see Amended Scheduling Order, Defendant's Contentions]. As discussed in further detail below, Double A contends that these allegations, even

if correct, should not be admitted into evidence at trial as they relate to claims and/or defenses owned by Dorsey, not Defendant Street.

4. Following the break-down in relations between Double A and Dorsey, litigation ensued in the United States District Court for the Middle District of Alabama (Civil Action No. 1:04cv464-A), which was subsequently referred to the United States Bankruptcy Court for the Middle District of Alabama upon the filing of a voluntary petition for relief under Title 11 by Dorsey on September 14, 2004 (Bankruptcy Case Number 04-32662-WRS). That litigation was subsequently settled by Order of the Bankruptcy Court on December 14, 2004. Double A says that certain of the objections reflected below relate to settlement discussions undertaken between the parties in relation to that litigation.

## OBJECTIONS TO EXHIBITS

5. Double A objects to the following exhibits identified by Defendant, Street[1]:

**Defendant's Exhibit 15**

6. This exhibit is a letter authored by Attorney Steven L. Diller who briefly served as counsel for Double A dated March 16, 2004, which was directed to Attorney Eric J. Breithaupt. This letter was the initial referral from Ohio counsel to Alabama counsel by Double A relating to Dorsey Trailer Company, Inc. Through inadvertence, the letter was forwarded by facsimile from Attorney Diller to either Dorsey or an agent of Dorsey and this otherwise privileged communication came into the possession of Dorsey. Double A objects to the admission of Exhibit 15 on multiple grounds. First, Double A says that the exhibit is a privileged communication which was inadvertently disclosed. Double A says that where a document which would be subject to the attorney-client privilege and/or work product doctrine is obviously inadvertently disclosed, that privileged information is

---

[1] Copies of each Exhibit are attached hereto.

nonetheless entitled to protection and should not be admitted into evidence. *See, e.g. Briggs & Stratton Corporation v. Concrete Sales and Services*, 176 F.R.D. 695, 700 (M.D. Ga. 1997).

7. Double A asserts an independent ground for precluding Exhibit 15. As more completely discussed below in its Motion *in Limine*, Double A says that Exhibit 15 is precluded from admission into evidence because any effort to raise a claim or defense based upon any attempt of Double A to place Dorsey into an involuntary bankruptcy (whether true or not) is a cause of action owned solely by Dorsey, not Defendant Street. Moreover, the admission of such evidence would only serve to confuse a jury as the operative facts of the case largely turn on events occurring prior to March 5, 2004, and the admission of Exhibit 15 would therefore be both irrelevant and immaterial. *See* FRE Rule 401 and FRE Rule 403.

**Defendant's Exhibit 20**

8. This exhibit is a letter from Attorney Mitchel Boles dated July 1, 2004 addressed to Attorney Eric Breithaupt and Attorney Timothy Lupinacci. The subject matter of the letter is the then pending litigation between Double A versus Dorsey and SouthTrust Bank. Double A says that Exhibit 20 is objectionable because that correspondence constitutes an offer to compromise which would be inadmissible pursuant to FRE Rule 408. Further Double A objects to the admission of Exhibit 20 on the grounds of relevance. *See* FRE Rule 401 and FRE Rule 403.

**Defendant's Exhibit 23**

9. This exhibit is an email dated March 20, 2004, from Attorney Steve Diller on behalf of Double A to Attorney David Neier on behalf of either Dorsey or a related entity. The topic of the memo relates to an alleged breach of the confidentiality agreement and an alleged attempt by Double A to force Dorsey into an involuntary bankruptcy. For the reasons discussed below in the Motion

in *Limine*, Exhibit 23 should be excluded.  Double A further objects to the admission of Exhibit 23 on the grounds of relevancy.

**Defendant's Exhibit 63**

10.  This exhibit is a letter from Attorney Tim Lupinacci to Attorney Eric Breithaupt and Attorney Mitchel Boles dated July 12, 2004.  The letter relates to the then pending litigation between Double A versus Dorsey and SouthTrust Bank.  The topic of the letter is an offer to compromise which should be precluded from admission into evidence pursuant to FRE Rule 408.  Double A further objects to the admission of Exhibit 63 on the grounds of relevance.

**Defendant's Exhibit 76**

11.  This exhibit is the transcript[2] of a deposition of Accountant William H. Carr taken in the prior litigation which was resolved between Double A and Dorsey.  Mr. Carr is not a party to the instant action, but at all times relevant to the discovery window in this case was available for examination.  Although sworn, Double A says that the prior testimony of Mr. Carr in another lawsuit is hearsay and subject to exclusion pursuant to FRE Rule 801.

**Defendant's Exhibits 9, 28, 36, 42, 84 and 88**

12.  Each of these exhibits were identified by Defendant Street, but the actual documents were not produced.  Consequently, Double A objects to the admission of these exhibits until copies are furnished, and reserves the further right to make such additional objection as may be appropriate upon review of the documents.

---

[2] The entire transcript is available upon request.  For purposes of this motion, only an excerpt is provided due to the length of the document.

**MOTION IN *LIMINE***

13. Plaintiff, Double A Trailer Sales, Inc. submits the following Motion in Limine to preclude Defendant, Chriss W. Street, from offering the following evidence in trial:

<u>Chriss W. Street should be barred from introducing any evidence related to alleged contact or conversations between Double A Trailer Sales, Inc. or its president, Mark A. Wannemacher with the creditors of Dorsey Trailer Co., Inc. as it relates to the "Confidentiality Agreement" signed between Mark Wannemacher and Dorsey Trailer Co., Inc. because any counterclaim for breach of the contract or tortuous interference with business relationships would lie with Dorsey Trailer Co., Inc., not Chriss Street individually.</u>

14. Under Alabama law, contracts are to be construed as written unless there is an ambiguity. *Central Reserve Life Ins. Co. v. Fox*, 869 So.2d 1124 (Ala. 2003). Here, it is undisputed that the "Confidentiality Agreement" was signed by Mark Wannemacher, individually, and Dorsey so there is no ambiguity as to this designation. *See* "Confidentiality Agreement" attached as Exhibit A. More importantly, neither of the parties to the Confidentiality Agreement are parties to this litigation. Any possible counterclaim would only lie with Dorsey Trailer Co. - and not Street - against Mark Wannemacher. Chriss Street individually has no cause of action against Double A. *See Cincinnati Insurance Companies v. Barber Insulation Inc.*, 2006 WL 1577847 at *5 (Ala. 2006) (stating that Alabama case law holds that "where the charge of negligence is based upon breach of duty arising out of a contractual relationship, no cause of action arises in favor of one not in privity to the contract.") (*quoting Weston v. National Mfrs. & Stores Corp.*, 45 So.2d 459 (Ala. 1950)). Since Street has no cause of action as against Double A, Street should be prohibited from introducing any alleged evidence of Wannemacher's contacts with the creditors of Dorsey Trailer.

15. Assuming, without admitting that a cause of action or affirmative defense exists in favor of Street as to an alleged violation of the "Confidentiality Agreement," Chriss Street should be barred from introducing any evidence that he has set-off claims against Double A because Street

failed to affirmatively plead setoff and, consequently, this claim has been waived. Chriss Street has failed to affirmatively plead setoff in his answer to plaintiff's complaint, and has not sought leave of court to amend his answer to assert the claim of setoff or release. Rule 8(c) states as follows:

> "In pleading to a preceding pleading, a party shall set forth affirmatively accord and satisfaction, arbitration and award, assumption to risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and **any other matter constituting an avoidance or affirmative defense**."

*See* Federal Rules of Civil Procedure 8(c). The failure to plead setoff results in a waiver and exclusion of this claim from the case. *In re Scaife*, 825 F.2d 357 (11th Cir. 1987). Clearly, it is too late for Defendant Street to assert set-off when no such claim has ever been raised in its answer to the complaint in this case. Defendant Street should be prohibited from introducing any evidence that he has setoff claims against Double A.

16. In his answer, Defendant Street asserted no counterclaim to Double A's fraud claim. Any such counterclaim should be deemed compulsory because any claim "it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction." Fed. R. Civ. Pro. 13(a). The phrase "transaction or occurrence that is the subject matter of the opposing party's claim" should be interpreted loosely. *See Plant v. Blazer Financial Services, Inc. of Georgia*, 598 F.2d 1357, 1361 (5th Cir.1979) (citing 3 Moore's Federal Practice P 13.13 at 300). This is to achieve "a broad realistic interpretation in the interest of avoiding a multiplicity of suits." *Id.*

17. Accordingly, the consequence for failing to assert a compulsory counterclaim is a bar against the assertion of that claim in any other action. *Owens v. Blue Tee Corp.*, 177 F.R.D. 673, 681-82 (M.D.Ala.1998). Moreover, this Court, per Section 4 of its Scheduling Order, required any

motions to amend pleadings to be made on or before June 9, 2006.  Since Street has made no such motion, it is clearly too late for Street to assert such claim in this or any subsequent action and thus any conversations between Double A and/or Wannemacher are irrelevant.  Fed. R. Evid. 401.

18. Through discovery, and as made plain by the Defendant's contentions which were submitted by Street for inclusion in the Court's Amended Pretrial Order, Defendant seeks to admit evidence relating to claims and defenses which either do not belong to him or have been waived.  Specifically, Defendant's Exhibits 15 and 23 should be excluded.  Additionally, certain excerpts of the following deposition transcripts[3], and any similar live testimony, which also relate to the same subject matter should be excluded:

**Tasha Dolan**

Pages 136, line 8 to page 140, line 12

Pages 169, line 22 to page 175, line 12

**Mark Wannemacher**

Pages 134, line 20 to page 146, line 23.

19.  Double A respectfully asks that its objections to all of the foregoing be sustained and that the Motion in *Limine* be granted together with such other relief as may be deemed appropriate.

                                                  /s/ Eric J. Breithaupt
                                                  Eric J. Breithaupt
                                                  Richard E. Smith

**OF COUNSEL:**
CHRISTIAN SMALL LLP
505 North 20th Street
Suite 1800
Birmingham, Alabama 35203
Phone: (205) 795-6546

---

[3] Copies of these excerpts are attached.

**CERTIFICATE OF SERVICE**

      Unless otherwise served by the ECF system, I hereby certify that I have this date served a copy of the foregoing pleading upon all counsel of record in this cause by placing a copy of same in the United States mail, postage prepaid, addressed as follows on this date: October 6, 2006

Clark Hammond
Johnston Barton
1901 6th Avenue North
2900 AmSouth Harbert Plaza
Birmingham, Alabama 35203

Phillip B. Greer
Attorney at Law
1280 Bison Rd
#B9-531
Newport Beach, CA 92660


    /s/ Eric J. Breithaupt
**OF COUNSEL**