To: David Neier

## Law Office of
## Steven L. Diller

124 E. Main Street
Van Wert, Ohio 45891-1725

Phone: (419) 238-6621
FAX (419) 238-4705

March 16, 2004
Via Facsimile and Overnight Mail

Christian & Small, LLP
Eric J. Breithaupt, Esq.
505 North 20th St.
Suite 1800
Birmingham, AL 35203

Re: Our Client: Double A Trailer Sales
    Debtor: Dorsey Trailer Company, Inc.

Dear Mr. Breithaupt:

Pursuant to our earlier conversations, please find enclosed the following documents obtained with respect to the above matter:

Real Estate title search

I have referred Western Extrusion to you with the understanding that they had already retained counsel in Alabama. The individual I was speaking with at Western Extrusion was unable to provide me with this name, but did relate that their counsel is located in Birmingham. It is my understanding that they intend to contact you this date. It is also my understanding that Sealco will not join us, absent Arvin Meritor being a petitioning creditor as well. I have also been speaking with another potential petitioning creditor and am to receive a call back today.

I have also had additional conversations with Mr. David Neier with Winston & Strawn, L.L.P, indicating a number of "possibilities" including the sale of the entity, the gaining of asset based financing and the replacement of present management and retention of a financial analyst on behalf of the shareholder/pension trust. All of these possibilities have been suggested to me as reasons why the involuntary should be deferred. Mr. Neier was unable to provide me with any specifics and cited lack of time as his chief problem. I remain convinced that the interests of our client are best served by proceeding with the filing of the involuntary.

Mark Wannemacher has also been contacted by one of the pension administrators about a possible meeting to discuss this matter. I indicated to Mark that I am certainly willing to meet with anyone that has something to offer in the way of resolving the claim. However, I also indicated that we need to stress that we intend to proceed with the filing of the involuntary absent


EXHIBIT 33
15

some specific proposals supported by something more than speculation.

Sincerely,

Steven L. Diller
SLD/kjc
Encl. (Via Overnight Mail Only)
cc: Mr. Mark Wannemacher (Via Ordinary Mail)

MAYNARD, COOPER & GALE, P.C.

ATTORNEYS AT LAW

1901 SIXTH AVENUE NORTH

2400 AMSOUTH/HARBERT PLAZA

BIRMINGHAM, ALABAMA 35203-2618

(205) 254-1000

FACSIMILE (205) 254-1999

**FILE**

Direct Dial: (205) 254-1068        E-Mail: tlupinacci@mcglaw.com

July 12, 2004

**Via Facsimile (334) 834-3172**
Mitchell H. Boles
Copeland, Franco, Screws & Gill, P.A.
P.O. Box 347
Montgomery, AL 36101

**Via Facsimile (205) 328-7234**
Eric J. Breithaupt
Christian & Small LLP
505 20th Street North
Suite 1800
Birmingham, AL 35203

RE:   Double A Trailer Sales, Inc. v Dorsey Trailer Company, Inc., et al. (the Lawsuit")

Dear Eric and Mitch:

As we discussed this morning, upon the execution of an Amended Forbearance Agreement (and other ancillary documentation) by and between SouthTrust Bank ("SouthTrust") and Dorsey Trailer Company, Inc. ("Dorsey") containing certain conditions precedent negotiated between Dorsey and SouthTrust (collectively, the "Amended Forbearance Agreement"), SouthTrust will not prevent Dorsey from releasing five completed trailers to Double A Trailer Sales, Inc. ("Double A") in accordance with the terms of that certain Settlement Letter dated July 1, 2004 by and between Dorsey and Double A (the "Settlement Letter"). The Amended Forbearance Agreement will contain, among others, the following conditions precedent: (i) dismissal with prejudice of the Lawsuit; and (ii) Double A's pledge to SouthTrust of an irrevocable letter of credit to adequately guarantee Double A's obligation to purchase the 160 trailers referenced in the Settlement Letter from Dorsey. Please let me know if you have any questions regarding this matter. Thank you.

Street 0260



{01052088.1}

Very truly yours,

Timothy M. Lupinacci

TM/rkn

cc:   Andy Raine
      Matt Grille

{01052088.1}

MAYNARD, COOPER & GALE, P.C.

Street 0261

COPY

```
 1            THE UNITED STATES BANKRUPTCY COURT
 2           FOR THE MIDDLE DISTRICT OF ALABAMA
 3                    NORTHERN DIVISION

 4   DORSEY TRAILER COMPANY,           CASE NO.
                                       04-32662-WRS
 5        Debtor

 6                                     CHAPTER 11

 7   DOUBLE A TRAILER SALES, INC.,

 8        Plaintiff,

 9   Vs.                               ADV. PRO NO.
                                       04-3109-WRS
10   DORSEY TRAILER COMPANY, INC.,
     et al.,
11
          Defendants.
12

13            *  *  *  *  *  *  *  *  *  *  *

14
          DEPOSITION OF WILLIAM H. CARR, taken
15
     pursuant to stipulation and agreement before
16
     Haley A. Phillips, Certified Shorthand Reporter,
17
     and Commissioner for the State of Alabama at Large,
18
     in the offices of Carr, Riggs & Ingram, 1117
19
     Highway 84 Bypass, Enterprise, Alabama, on Tuesday,
20
     November 16, 2004, commencing at approximately
21
     3:05 p.m.
22

23            *  *  *  *  *  *  *  *  *  *  *
```

EXHIBIT 63

HAISLIP, RAGAN, GREEN, STARKIE & WATSON, P.C.
(334) 263-4455

|   |   |
|---|---|
| 1 | APPEARANCES |
| 2 |   |
| 3 | **COUNSEL FOR DOUBLE A TRAILER SALES, INC.:** **(via telephone)** |
| 4 |   |
| 5 | Eric J. Breithaupt, Esq. Christian & Small Attorneys at Law |
| 6 | 505 North 20th Street Birmingham, Alabama  35203 |
| 7 |   |
| 8 | **COUNSEL FOR SOUTHTRUST BANK:** **(via telephone)** |
| 9 | Matthew W. Grill, Esq. Maynard, Cooper & Gale |
| 10 | Attorneys at Law 1901 6th Avenue North |
| 11 | Birmingham, Alabama  35203 |
| 12 | **COUNSEL FOR THE DEBTOR:** |
| 13 | Von G. Memory, Esq. Memory & Day |
| 14 | Attorneys at Law 469 South McDonough Street |
| 15 | Montgomery, Alabama  36104 |
| 16 |   |
| 17 | * * * * * * * * * * * * |
| 18 |   |
| 19 | EXAMINATION INDEX |
| 20 | BY MR. MEMORY . . . . . . . . . . .  6  BY MR. BREITHAUPT . . . . . . . . . 33 |
| 21 |   |
| 22 |   |
| 23 | * * * * * * * * * * * * |

HAISLIP, RAGAN, GREEN, STARKIE & WATSON, P.C.
(334) 263-4455

## STIPULATION

It is hereby stipulated and agreed by and between counsel representing the parties that the deposition of **WILLIAM H. CARR** is taken pursuant to the Federal Rules of Civil Procedure and that said deposition may be taken before Haley A. Phillips, Certified Shorthand Reporter, and Commissioner for the State of Alabama at Large, without the formality of a commission, that objections to questions other than objections as to the form of the question need not be made at this time but may be reserved for a ruling at such time as the said deposition may be offered in evidence or used for any other purpose by either party provided for by the Statute.

It is further stipulated and agreed by and between counsel representing the parties in this case that the filing of said deposition is hereby waived and may be introduced at the trial of this case or used in any other manner by either party hereto provided for by the Statute regardless of the waiving of the filing of the same.

It is further stipulated and agreed by and

1  between the parties hereto and the witness that the
2  signature of the witness to this deposition is
3  hereby not waived.

4                  * * * * * * * * * * * *
                       **WILLIAM H. CARR**

5     The witness, after having first been duly
6  sworn to speak the truth, the whole truth and
7  nothing but the truth testified as follows:
8              MR. MEMORY:  Go ahead, Eric, if
9                  you're wanting to get
10                 something on the Record at
11                 this point.
12             MR. BREITHAUPT:  I do.  This is
13                 Eric Breithaupt, and I
14                 represent Double A Trailer
15                 Sales.  I'm participating in
16                 the deposition today by
17                 telephone because of the short
18                 notice afforded for the taking
19                 of the deposition of Mr. Carr,
20                 who purports to be unavailable
21                 on Thursday for our hearing.
22                 I'm taking the -- I'm
23                 participating in the

1   deposition with a full
2   reservation of rights in the
3   event that Mr. Carr says
4   anything that's prejudicial in
5   his testimony that's
6   unexpected that we could not
7   have contemplated because of
8   the shortness of the notice.
9   But we do object to the taking
10  of the deposition, and with
11  that caveat, we're here to go
12  forward.
13       I also need a copy of the
14  deposition expedited.  I'm
15  sure Mr. Memory needs it as
16  well since we're talking about
17  a hearing on Thursday morning.
18  MR. MEMORY:  Eric -- Matt, do you
19       have anything?
20  MR. GRILL:  I do not.
21  MR. MEMORY:  Would you like a
22       copy?
23  MR. GRILL:  I would, yes.

```
 1                    MR. MEMORY:  Okay.  Anything else
 2               preliminarily that we need to
 3               take care of?
 4                    MR. BREITHAUPT:  Are there any
 5               exhibits or things that you're
 6               going to try to refer to, Von?
 7                    MR. MEMORY:  I'm not.
 8                    COURT REPORTER:  And can you
 9               please identify yourself when
10               you speak?  I'm having a hard
11               time telling y'all apart.
12                    MR. GRILL:  This is Matt.  I will
13               do so, yes.
14                    COURT REPORTER:  Thank you.
15                    MR. MEMORY:  Okay.  Let's go ahead
16               and get started then.
17                              EXAMINATION
18   BY MR. MEMORY:
19    Q.   State your name, please, sir.
20                    MR. MEMORY:  Well, let me ask one
21               thing.  Is there going to be
22               any objection to his ability
23               to give opinion testimony as
```

|     |     |                                                          |
| --- | --- | -------------------------------------------------------- |
| 1   |     | an expert, or do I need to                               |
| 2   |     | qualify him?                                             |
| 3   |     | MR. BREITHAUPT: Why don't you go                         |
| 4   |     | ahead and qualify him?                                   |
| 5   |     | MR. MEMORY: Okay.                                        |
| 6   | Q.  | State your name, please, sir.                            |
| 7   | A.  | William H. Carr.                                         |
| 8   | Q.  | And give the Court your address -- your                  |
| 9   |     | address where you live and also the address              |
| 10  |     | where you work.                                          |
| 11  | A.  | My home address is 110 Country Club Heights              |
| 12  |     | Boulevard, Enterprise, Alabama. My office                |
| 13  |     | address is 1117 Highway 84 Bypass,                       |
| 14  |     | Enterprise, Alabama.                                     |
| 15  | Q.  | Are you employed?                                        |
| 16  | A.  | Yes.                                                     |
| 17  | Q.  | In what capacity?                                        |
| 18  | A.  | I'm a partner with the firm of Carr, Riggs               |
| 19  |     | & Ingram.                                                |
| 20  | Q.  | And what does that firm do?                              |
| 21  | A.  | Practice accounting, public accounting.                  |
| 22  | Q.  | Okay. And do you practice accounting as                  |
| 23  |     | well?                                                    |

8

1   A.   Yes, I do.
2   Q.   Have you -- Before we go any further, I'd
3        like to talk about your educational
4        background.  Could you start with, first of
5        all, your undergraduate training?
6   A.   I graduated from Enterprise Junior College,
7        two-year college, and then went to the
8        University of Alabama and got a B.S. degree
9        in accounting.
10  Q.   Okay.  And after that did you become
11       distinguished or qualified otherwise?
12  A.   I did not take any additional college
13       courses.  I sat for and passed the CPA
14       exam.
15  Q.   Okay.  Now, when did you graduate from the
16       University of Alabama?
17  A.   1969.
18  Q.   And when did you become qualified as a
19       certified public accountant?
20  A.   I think it's 1970 or '71.
21  Q.   Okay.  And --
22  A.   There's a two year wait.
23  Q.   Are you licensed to practice accounting in

```
1              the state of Alabama?
2     A.       Yes, I am.
3     Q.       Any other states?
4     A.       The state of Tennessee and, I believe, the
5              state of Florida.
6     Q.       Have you been continuously licensed to
7              practice since 1971?
8     A.       Yes, I have.
9     Q.       Have you distinguished yourself in any
10             other respects in the accounting field?
11    A.       I'm a managing partner of the firm, and
12             basically that's it.
13    Q.       Any additional courses or training that
14             you have --
15    A.       We have CPE courses annually that I've
16             taken over the last 25, 30 years.
17    Q.       And how long have you been in the
18             accounting profession?
19    A.       Since 1969.
20    Q.       Okay.  And during that period of time, do
21             you have an estimate as to how many clients
22             that you have serviced?
23    A.       Probably 2500 to 3,000.
```

| | | |
|---|---|---|
| 1 | Q. | And are many of these regular clients that |
| 2 | | you have handled from year to year? |
| 3 | A. | Yes. |
| 4 | Q. | Do you also assist in referring various |
| 5 | | clients to other people in your firm? |
| 6 | A. | Yes. |
| 7 | Q. | During this period of time, have you had |
| 8 | | occasion to render assistance in both the |
| 9 | | tax -- in the tax area? |
| 10 | A. | Yes. |
| 11 | Q. | In the purchase and sale of assets area? |
| 12 | A. | Yes. |
| 13 | Q. | In other areas dealing with the |
| 14 | | administration of existing firms? |
| 15 | A. | Yes. |
| 16 | Q. | Planning and the implementation of |
| 17 | | different plans in the accounting area? |
| 18 | A. | You know, primarily, I work in the tax |
| 19 | | area.  We do early on audits.  I primarily |
| 20 | | today do transactional work.  I do mergers |
| 21 | | and acquisitions.  I do litigation |
| 22 | | support.  I do anything transactional where |
| 23 | | I place loans for clients, work out |

| | | |
|---|---|---|
| 1 | | February of 2004 with its creditors on |
| 2 | | negotiated terms.  Do you remember that? |
| 3 | A. | That was my understanding, yes. |
| 4 | Q. | Would you agree that having to negotiate |
| 5 | | terms of payment is different from paying |
| 6 | | bills as they come due? |
| 7 | A. | Yes.  Well, it's different than paying them |
| 8 | | by the initial terms of the transaction. |
| 9 | Q. | Was the debtor routinely having to do that |
| 10 | | with most of its creditors at that point in |
| 11 | | February of '04? |
| 12 | A. | I'd have to go back and -- I don't know |
| 13 | | whether it's mostly or some of or whether |
| 14 | | it would be the larger vendors.  But I do |
| 15 | | know there were conversations made; there |
| 16 | | were terms worked out.  And it's my |
| 17 | | understanding that things were being paid |
| 18 | | in accordance to those terms. |
| 19 | Q. | But they were special payment terms, |
| 20 | | weren't they? |
| 21 | A. | They were termed worked out, yes. |
| 22 | | MR. BREITHAUPT:  That's all I |
| 23 | | have. |

1      MR. MEMORY:  I have nothing
2           further.
3      MR. GRILL:  I have nothing.

4      * * * * * * * * * * * *
5      FURTHER DEPONENT SAITH NOT
6      * * * * * * * * * * * *

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23