To: David Neier

# Law Office of
# Steven L. Diller
124 E. Main Street
Van Wert, Ohio 45891-1725

Phone: (419) 238-6621
FAX (419) 238-4705

March 16, 2004
Via Facsimile and Overnight Mail

Christian & Small, LLP
Eric J. Breithaupt, Esq.
505 North 20th St.
Suite 1800
Birmingham, AL 35203

Re: Our Client: Double A Trailer Sales
    Debtor: Dorsey Trailer Company, Inc.

Dear Mr. Breithaupt:

Pursuant to our earlier conversations, please find enclosed the following documents obtained with respect to the above matter:

       Real Estate title search

I have referred Western Extrusion to you with the understanding that they had already retained counsel in Alabama. The individual I was speaking with at Western Extrusion was unable to provide me with this name, but did relate that their counsel is located in Birmingham. It is my understanding that they intend to contact you this date. It is also my understanding that Sealco will not join us, absent Arvin Meritor being a petitioning creditor as well. I have also been speaking with another potential petitioning creditor and am to receive a call back today.

I have also had additional conversations with Mr. David Neier with Winston & Strawn, L.L.P, indicating a number of "possibilities" including the sale of the entity, the gaining of asset based financing and the replacement of present management and retention of a financial analyst on behalf of the shareholder/pension trust. All of these possibilities have been suggested to me as reasons why the involuntary should be deferred. Mr. Neier was unable to provide me with any specifics and cited lack of time as his chief problem. I remain convinced that the interests of our client are best served by proceeding with the filing of the involuntary.

Mark Wannemacher has also been contacted by one of the pension administrators about a possible meeting to discuss this matter. I indicated to Mark that I am certainly willing to meet with anyone that has something to offer in the way of resolving the claim. However, I also indicated that we need to stress that we intend to proceed with the filing of the involuntary absent


EXHIBIT 33
15

Street 0054

some specific proposals supported by something more than speculation.

Sincerely,

Steven L. Diller

SLD/kjc
Encl. (Via Overnight Mail Only)
cc: Mr. Mark Wannemacher (Via Ordinary Mail)

LAW OFFICES OF
# COPELAND, FRANCO, SCREWS & GILL, P. A.

PROFESSIONAL ASSOCIATION
444 SOUTH PERRY STREET
MONTGOMERY, ALABAMA 36104

MAILING ADDRESS:
P. O. Box 347
MONTGOMERY, AL 36101-0347

RICHARD H. GILL
ROBERT D. SEGALL
JOHN A. HENIG, JR.
JAMES M. EDWARDS
LEE H. COPELAND

OF COUNSEL:
HERMAN D. FRANCO
SUSL A. SCREWS, JR.

GEORGE W. WALKER, III
MITCHELL H. BOLES
J. DAVID MARTIN
SHANNON L. HOLLIDAY
MARTHA D. ROBY
C. NELSON GILL
ALBERT W. COPELAND
(1927-1983)
DEXTER C. HOBBS
(1955-1990)

TELEPHONE (334) 834-1180      FACSIMILE (334) 834-3172

Writer's Email Address:  boles@copelandfranco.com

July 1, 2004

**Via Facsimile (205) 328-7234**

Eric J. Breithaupt
Christian & Small
505 20th Street North
Suite 1800
Birmingham, Alabama 35203-2696

**Via Facsimile (205) 254-1999**

Timothy M. Lupinacci
Maynard, Cooper & Gale, P.C.
1901 6th Avenue North
Suite 2400
Birmingham, Alabama 35203

  RE: *Double A Trailer Sales, Inc. v. Dorsey Trailer Company, Inc. and SouthTrust Bank, N.A.*
    [Our File No. 9900.001]

Dear Eric:

  I am writing to provide each of you with the proposed settlement terms. The proposed settlement terms are as follows:

- Dorsey will delivery the five completed trailers on Tuesday, July 6, 2004 to a neutral location in Elba, Alabama, provided that the following is accomplished: (i) the LOC, set forth below, is in place; (ii) the 160 remaining trailers, as described below, have been repriced; and (iii) Double A and Dorsey have mutually agreed to the schedule of delivery for the 160 remaining trailers;
- With respect to the 10 GSA trailers, Double A will remit $125,000 to Dorsey prior to the delivery of these trailers. Dorsey will


EXHIBIT 20

complete these 10 GSA trailers by July 30, 2004;
- With regard to the approximately $525,000 debt, Dorsey will execute an unsecured note to be paid in interest only at prime plus one for the first year, and then to be retired on a 10 year amortization with a 5 year call at an interest rate of prime plus one percent;
- With regard to the approximate $200,000 debt, representing the ten remaining trailers, Dorsey will execute an unsecured note to be paid over 5 years at an interest rate of prime plus one percent;
- Except for the ten GSA trailers, all other trailers will have to be repriced;
- Double A will guarantee payment for the 160 trailers already ordered from Double A. As stated above, these trailers will be repriced. Double A will post an irrevocable letter of credit on terms satisfactory with SouthTrust Bank;
- Except for the 10 GSA trailers and the five completed trailers, all trailers must be paid for according to the repricing schedule and the mutually agreed upon delivery schedule for these trailers;
- Return of all MSO related to all trailers;
- The federal court case will be dismissed with prejudice as to all parties; and
- Mutual releases with standard terms exchanged between all parties.

If these terms are acceptable to your client, please indicate your client's acceptance by signing below and returning this letter to me by Friday. Upon my receipt of this fully executed letter, I will begin to prepare the final settlement documents, joint stipulation and dismissal and unsecured notes.

I look forward to hearing from you.

Sincerely yours,

Mitchel H. Boles

Accepted By:

_____
Eric J. Breithaupt, as Attorney for Double A Trailer Sales, Inc.


Accepted By:

_____
Timothy M. Lupinacci, as Attorney for SouthTrust Bank, N.A.

**_[FAX: 3 Pages]_**

TOTAL P.03

Street 0065

### steve diller

| | |
|---|---|
| From: | "steve diller" <dillerlaw@wcoil.com> |
| To: | "Neier, David" <DNeier@winston.com> |
| Cc: | "Eric Breithaupt" <EJB@csattorneys.com> |
| Sent: | Saturday, March 20, 2004 10:19 AM |
| Subject: | Re: Dorsey |

David,

I certainly understand your disappointment, but my client would categorically deny any misuse of any confidential information. In fact, it is my understanding that he was never given any financial statements or records that were requested. It is also clear that managment apparently chose to not reveal multiple material financial issues, which were subsequently discovered simply because of the search of public records and then following up as a product of due diligence.   I believe that it is clear that because of the past actions of Dorsey management in treatment of former employees, its current employees and other vendors, any harm to Dorsey was long ago caused by management.   I trust that the Bankruptcy Court will be capable of weighing the merits of both positions.

Steve


----- Original Message -----
From: Neier, David
To: steve diller
Cc: Eric Breithaupt
Sent: Friday, March 19, 2004 6:53 PM
Subject: RE: Dorsey

Steve, I am disappointed in your client's decision. Until now, I have refrained from commenting on your client's actions in the hopes that we could reach a mutually satisfactory agreement. It is quite clear that your client misused confidential information that was given to him pursuant to a confidentiality agreement for the purpose of exploring a transaction with Dorsey. As a result, there has already been substantial damage to Dorsey. If you file an involuntary petition, we will pursue all available remedies with respect to this matter, including Dorsey's rights under sections 303(i) and 303(e). Regards, DN

David Neier
Winston & Strawn LLP
200 Park Avenue
New York, New York 10166
(212) 294-5318
(212) 294-4700 (fax)
mailto:dneier@winston.com

-----Original Message-----
From: steve diller [mailto:dillerlaw@wcoil.com]
Sent: Friday, March 19, 2004 4:41 PM
To: Neier, David
Cc: Eric Breithaupt
Subject: Dorsey

David,


EXHIBIT
23

3/20/2004

After our telephone conversation of yesterday, I have discussed the approach of "bridge financing" to a projected sale date of April 25 with Mr. Wannemacher as well as the Alabama financial interests. I would indicate that there is simply no support for that approach and I have again been directed to move towards the filing of an involuntary petition against the Debtor. Hopefully, I will be able to put that into place on Monday, March 22, 2004. I certainly regret that we were unable to reach a mutually satisfiable agreement, but the numbers simply do not work given my client's first priority is to be paid and the second is that if he cannot be paid, then to own the company and work through the repayment over time. Obviously with the order of priority being what it is if your client wishes to protect its interests and purchase the company, my client will achieve his goals. If no one steps forward to resolve the Bank's interest, my client intends to do so which would be at a maximum cost of 2 million and then use whatever money is saved up to 4.75 to use as working capital.

Steve

The contents of this message may be privileged
and confidential. Therefore, if this message has
been received in error, please delete it without
reading it. Your receipt of this message is not
intended to waive any applicable privilege.
Please do not disseminate this message without
the permission of the author.

# MAYNARD, COOPER & GALE, P.C.

ATTORNEYS AT LAW

1901 SIXTH AVENUE NORTH

2400 AMSOUTH/HARBERT PLAZA

BIRMINGHAM, ALABAMA 35203-2618

(205) 254-1000

FACSIMILE (205) 254-1999

**FILE**

Direct Dial: (205) 254-1068     E-Mail: tlupinacci@mcglaw.com

July 12, 2004

**Via Facsimile (334) 834-3172**
Mitchell H. Boles
Copeland, Franco, Screws & Gill, P.A.
P.O. Box 347
Montgomery, AL 36101

**Via Facsimile (205) 328-7234**
Eric J. Breithaupt
Christian & Small LLP
505 20th Street North
Suite 1800
Birmingham, AL 35203

    RE:   Double A Trailer Sales, Inc. v Dorsey Trailer Company, Inc., et al. (the Lawsuit")

Dear Eric and Mitch:

    As we discussed this morning, upon the execution of an Amended Forbearance Agreement (and other ancillary documentation) by and between SouthTrust Bank ("SouthTrust") and Dorsey Trailer Company, Inc. ("Dorsey") containing certain conditions precedent negotiated between Dorsey and SouthTrust (collectively, the "Amended Forbearance Agreement"), SouthTrust will not prevent Dorsey from releasing five completed trailers to Double A Trailer Sales, Inc. ("Double A") in accordance with the terms of that certain Settlement Letter dated July 1, 2004 by and between Dorsey and Double A (the "Settlement Letter"). The Amended Forbearance Agreement will contain, among others, the following conditions precedent: (i) dismissal with prejudice of the Lawsuit; and (ii) Double A's pledge to SouthTrust of an irrevocable letter of credit to adequately guarantee Double A's obligation to purchase the 160 trailers referenced in the Settlement Letter from Dorsey. Please let me know if you have any questions regarding this matter. Thank you.



EXHIBIT
43

Street 0260

{01052088.1}

Page -2-
July 12, 2004

Very truly yours,

*Timothy M. Lupinacci*

TM/rkn

cc:   Andy Raine
      Matt Grille

{01052088.1}

**MAYNARD, COOPER & GALE, P.C.**

Street 0261

COPY

1    THE UNITED STATES BANKRUPTCY COURT

2    FOR THE MIDDLE DISTRICT OF ALABAMA

3    NORTHERN DIVISION

4    DORSEY TRAILER COMPANY,                    CASE NO.
                                                 04-32662-WRS
5         Debtor

6                                                CHAPTER 11

7    DOUBLE A TRAILER SALES, INC.,

8         Plaintiff,

9    Vs.                                         ADV. PRO NO.
                                                 04-3109-WRS
10   DORSEY TRAILER COMPANY, INC.,
     et al.,
11
          Defendants.
12

13              * * * * * * * * * * *

14
        **DEPOSITION OF WILLIAM H. CARR**, taken
15
pursuant to stipulation and agreement before
16
Haley A. Phillips, Certified Shorthand Reporter,
17
and Commissioner for the State of Alabama at Large,
18
in the offices of Carr, Riggs & Ingram, 1117
19
Highway 84 Bypass, Enterprise, Alabama, on Tuesday,
20
November 16, 2004, commencing at approximately
21
3:05 p.m.
22

23              * * * * * * * * * * *

EXHIBIT 76

HAISLIP, RAGAN, GREEN, STARKIE & WATSON, P.C.
(334) 263-4455

|   |   |
|---|---|
| 1 | APPEARANCES |

**COUNSEL FOR DOUBLE A TRAILER SALES, INC.:**
(via telephone)

Eric J. Breithaupt, Esq.
Christian & Small
Attorneys at Law
505 North 20th Street
Birmingham, Alabama   35203

**COUNSEL FOR SOUTHTRUST BANK:**
(via telephone)

Matthew W. Grill, Esq.
Maynard, Cooper & Gale
Attorneys at Law
1901 6th Avenue North
Birmingham, Alabama   35203

**COUNSEL FOR THE DEBTOR:**

Von G. Memory, Esq.
Memory & Day
Attorneys at Law
469 South McDonough Street
Montgomery, Alabama   36104


* * * * * * * * * * * *


EXAMINATION INDEX

   BY MR. MEMORY  . . . . . . . . . . .   6
   BY MR. BREITHAUPT. . . . . . . . . .  33


* * * * * * * * * * * *

1        **STIPULATION**

2        It is hereby stipulated and agreed by and
3   between counsel representing the parties that the
4   deposition of **WILLIAM H. CARR** is taken pursuant to
5   the Federal Rules of Civil Procedure and that said
6   deposition may be taken before Haley A. Phillips,
7   Certified Shorthand Reporter, and Commissioner for
8   the State of Alabama at Large, without the
9   formality of a commission, that objections to
10  questions other than objections as to the form of
11  the question need not be made at this time but may
12  be reserved for a ruling at such time as the said
13  deposition may be offered in evidence or used for
14  any other purpose by either party provided for by
15  the Statute.

16        It is further stipulated and agreed by and
17  between counsel representing the parties in this
18  case that the filing of said deposition is hereby
19  waived and may be introduced at the trial of this
20  case or used in any other manner by either party
21  hereto provided for by the Statute regardless of
22  the waiving of the filing of the same.

23        It is further stipulated and agreed by and

1  between the parties hereto and the witness that the
2  signature of the witness to this deposition is
3  hereby not waived.
4              * * * * * * * * * * * *
                     **WILLIAM H. CARR**
5
6      The witness, after having first been duly
7  sworn to speak the truth, the whole truth and
8  nothing but the truth testified as follows:
9              MR. MEMORY:  Go ahead, Eric, if
10                 you're wanting to get
11                 something on the Record at
12                 this point.
13             MR. BREITHAUPT:  I do.  This is
14                 Eric Breithaupt, and I
15                 represent Double A Trailer
16                 Sales.  I'm participating in
17                 the deposition today by
18                 telephone because of the short
19                 notice afforded for the taking
20                 of the deposition of Mr. Carr,
21                 who purports to be unavailable
22                 on Thursday for our hearing.
23                 I'm taking the -- I'm
                   participating in the

|   |   |
|---|---|
| 1 | deposition with a full |
| 2 | reservation of rights in the |
| 3 | event that Mr. Carr says |
| 4 | anything that's prejudicial in |
| 5 | his testimony that's |
| 6 | unexpected that we could not |
| 7 | have contemplated because of |
| 8 | the shortness of the notice. |
| 9 | But we do object to the taking |
| 10 | of the deposition, and with |
| 11 | that caveat, we're here to go |
| 12 | forward. |
| 13 | I also need a copy of the |
| 14 | deposition expedited.  I'm |
| 15 | sure Mr. Memory needs it as |
| 16 | well since we're talking about |
| 17 | a hearing on Thursday morning. |
| 18 | MR. MEMORY:  Eric -- Matt, do you |
| 19 | have anything? |
| 20 | MR. GRILL:  I do not. |
| 21 | MR. MEMORY:  Would you like a |
| 22 | copy? |
| 23 | MR. GRILL:  I would, yes. |

```
 1              MR. MEMORY:  Okay.  Anything else
 2         preliminarily that we need to
 3         take care of?
 4              MR. BREITHAUPT:  Are there any
 5         exhibits or things that you're
 6         going to try to refer to, Von?
 7              MR. MEMORY:  I'm not.
 8              COURT REPORTER:  And can you
 9         please identify yourself when
10         you speak?  I'm having a hard
11         time telling y'all apart.
12              MR. GRILL:  This is Matt.  I will
13         do so, yes.
14              COURT REPORTER:  Thank you.
15              MR. MEMORY:  Okay.  Let's go ahead
16         and get started then.
17                      EXAMINATION
18   BY MR. MEMORY:
19   Q.   State your name, please, sir.
20              MR. MEMORY:  Well, let me ask one
21         thing.  Is there going to be
22         any objection to his ability
23         to give opinion testimony as
```