IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| DOUBLE A TRAILER SALES, INC. ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | CIVIL ACTION NO: 05-1107 |
| v. ) | |
| ) | |
| CHRISS W. STREET and ) | |
| DONALD R. SHEETZ ) | |
| ) | |
| DEFENDANTS. ) | |

### DEFENDANT'S MOTION IN *LIMINE*

COMES NOW, the Defendant, Chriss W. Street ("Street") and pursuant to Section 11 of the Uniform Scheduling Order entered herein, makes his objections to a certain exhibit identified by the Plaintiff, Double A Trailer Sales, Inc. ("Double A") and seeks *in limine* to exclude this document and the admission of certain other evidence relating to the End of the Road Trust, its affiliates and subsidiaries (cumulatively, "EORT"), or Street's business activities relating to EORT or any of its affiliates or subsidiaries, not related directly to the business dealings between Dorsey Trailer Company, Inc. ("Dorsey") and Double A.

### OBJECTIONS TO EXHIBITS

1.  Dorsey objects to the following exhibits identified by the Plaintiff, Double A.

**Plaintiff's Exhibit 69**

2.  This exhibit is a preliminary and first report (the "Report") authored by Daniel W. Harrow ("Harrow"), who is the trustee of the End of the Road Trust. The report was submitted in the In re: Fruehauf Trailer Corporation, et al., bankruptcy, to the United States Bankruptcy Court for the District of Delaware Case Number 96-1563. As is more fully discussed in the Motion in *Limine*, the Defendant objects to the admission of Exhibit 69 on numerous grounds.

First, despite having been filed in the Bankruptcy Court for the District of Delaware, this document is complete, unsubstantiated hearsay, and is not a sworn statement by Harrow. Second, the document does not mention any dealings between Dorsey and Double A at all, nor does it mention any representations made by Street to Double A. In fact the document does not mention Double A in any manner. The Report is irrelevant to this case, and is not probative of any material facts. Additionally, most if not all of the opinions of Harrow contained in the Report could only be considered inadmissible character evidence. Exhibit 69 is both irrelevant and immaterial. It also constitutes inadmissible character evidence and hearsay. See FRE Rule 401, FRE Rule 403, FRE Rule 404, and FRE Rule 801.

## MOTION IN *LIMINE*

3.     Defendant, Chriss W. Street, requests that this Honorable Court enter an Order prohibiting the Plaintiff from introducing evidence, including but not limited to Plaintiff's Exhibit 69, regarding the End or the Road Trust, it's affiliates and subsidiaries, or the Defendant's business or professional activities relating to EORT, not related directly to the business dealings between Dorsey Trailer Company, Inc. ("Dorsey") and Double A.

4.     The material facts of the Plaintiff's case deal with representations and interactions between the Defendant in his capacity as officer of Dorsey and the Plaintiff as a customer of Dorsey. Any testimony regarding the Defendant's role in EORT other than Dorsey are not probative and irrelevant to the material facts in this proceeding. Additionally this evidence would only serve to confuse the jury as to the material facts of the case, which deal almost exclusively with the relationship of Dorsey and Double A.

5.     Even if evidence regarding the Defendant's activities in EORT is deemed relevant, its probative value is substantially outweighed by the prejudicial effect. The 11th

Circuit has held "that 'the major function of [Rule 403] is limited to excluding matters of scant or cumulative probative force, dragged in by the heels for the sake of [their] prejudicial effects.'" United States v. Schlei, 122 F.3d 944, 981 (1997), quoting United States v. Veltmann, 6 F.3d 1483, 1500 (11th Cir.1993).  The probative force of evidence regarding EORT not directly related to Dorsey Trailer and its dealings with Double A is extremely low compared to the prejudice, which would result on the Defendant.

      6.      Additionally, the vast majority of the information contained in Plaintiff's Exhibit 69, and evidence regarding EORT could only be classified as inadmissible character evidence.  As stated in FRE 404(a), "Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion…."  The exceptions to this Rule as stated in FRE 404(a)(1) and FRE 4040(a)(2) are inapposite in this matter.  Additionally, under FRE 404(b), a party cannot use "evidence of other crimes, wrongs, or acts….to prove the character of a person in order to show action in conformity therewith."

      WHEREFORE, premises considered, Chriss W. Street respectfully asks that its objection to Plaintiff's Exhibit 69 be sustained, and that the Motion in *Limine* be granted together with such other relief as may be deemed appropriate.

Respectfully submitted this the 13th day of October, 2006

      /s/ Clark R. Hammond  
      Clark R. Hammond  
      Phillip B. Greer  
      Lindan J. Hill  
      Attorneys for the Defendant

**OF COUNSEL:**

**JOHNSTON BARTON PROCTOR & POWELL LLP**
2900 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2618
Telephone:  (205) 458-9400
Facsimile:  (205) 458-9500

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the above and foregoing has been served upon the following listed persons by electronic service this October 13, 2006.

Eric Breithaupt, Esq.
Lynn Shutt Darty, Esq.
Richard Earl Smith, Esq.
Christian & Small, LLP
505 20th Street North
Birmingham, Alabama 35203-2695


        /S/ Clark R. Hammond_____