IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **DOUBLE A TRAILER SALES, INC.** ) | |
| ) | |
| **PLAINTIFF,** ) | |
| ) | CIVIL ACTION NO: 05-1107 |
| v. ) | |
| ) | |
| **CHRISS W. STREET and** ) | |
| **DONALD R. SHEETZ** ) | |
| ) | |
| **DEFENDANTS.** ) | |

### DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO EXHIBITS AND MOTION IN *LIMINE*

COMES NOW, the Defendant, Chriss Street, by and through the undersigned counsel, and in response to the Plaintiff's objections to the exhibits of the Defendant Chriss W. Street and the Plaintiff's Motion in *Limine*, states as follows:

### RESPONSES TO OBJECTIONS TO EXHIBITS

**Defendant's Exhibit 15**

1.  Plaintiff objects to this exhibit on the grounds of privilege and relevancy. First, the Plaintiff's statement that the allegedly inadvertently disclosed privileged information is nonetheless entitled to protection oversimplifies the law on the subject, and is directly contrary to the citation the Plaintiff provides to support that position. (Plaintiff's Objections to Exhibits of Chriss W. Street and Motion in *Limine* ¶ 6.) The Middle District of Georgia held in Briggs & Stratton Corporation vs. Concrete Sales and Services, that when a court determines whether a party has waived a privilege by inadvertent disclosure of privileged documents, the court should consider:

> (1) the reasonableness of the precautions taken to prevent inadvertent disclosure in view of the extent of the document production; (2) the number of inadvertent disclosures; (3) The extent of the disclosure; (4) any delay and measures taken to rectify the disclosures;

and (5) whether the overriding interests of justice would be served by relieving a party of its error.

176 F.R.D. 695, 699 (1997).

2. The Plaintiff has pled nothing to address the factors the court deemed important in the Briggs & Stratton case, which the Plaintiff cites. The facsimile stamp on the top of the document indicates that the document was disclosed to Dorsey Trailer Company, Inc. ("Dorsey) or an agent of Dorsey on or about March 16, 2004.[1] Since that time, until the filing of its objection, the Plaintiff has not taken any measures to rectify this disclosure. Additionally, no objection on the basis of privilege was raised when this exhibit was used at the deposition of Mark Wannemacher, the president of the Plaintiff corporation. As such, it is the Defendant's position that the Plaintiff has waived any privilege on this document.

3. As is discussed in more detail in the Defendant's response to the Plaintiff's Motion in *Limine*, this evidence is relevant, probative, and material to the Defendant's defense of truth. This evidence is not submitted to support any counterclaims against the Plaintiff. This information is highly relevant and probative as to why Dorsey was forced to cease production and unable to produce the trailers for which the Plaintiff prepaid. At the time any representations were made to Double A Trailer Sales, Inc. ("Double A") by the Defendant, the Defendant believed Dorsey could produce trailers ordered by the Plaintiff. It was not until after Mr. Wannemacher contacted the creditors of Dorsey regarding a possible involuntary bankruptcy proceeding against Dorsey, and Double A instituted a lawsuit against Dorsey and its then bank, SouthTrust Bank, N.A., that Dorsey could no longer continue manufacturing trailers. For the foregoing reasons, this exhibit is both relevant and material to the Defendant's defense of truth.

---

[1] It appears from the facsimile stamp on the top of the document that an agent or employee of Dorsey sent a copy of Exhibit 15 to David Neier on March 17, 2004, which is the day after the letter was overnight mailed and faxed to Plaintiff's counsel.

**Defendant's Exhibit 23**

4.    As discussed more fully in the response to the Plaintiff's objection to Defendant's Exhibit 15 and the Response to Plaintiff's Motion in *Limine*, this evidence will not be used at the basis of a counterclaim against the Plaintiff. Rather this information is highly relevant and probative as to why Dorsey was forced to cease production. The Defendant fully intended for Dorsey to produce the trailers for which Double A prepaid, but was unable to do so as a result of the Plaintiff's actions, which precipitated the shut down of Dorsey.

**Defendant's Exhibit 76**

5.    The Defendant has listed Mr. Carr as a witness who the Defendant expects to call at trial and be available for cross-examination. As such, his prior deposition testimony falls into the category of a prior statement by a witness who is available for cross examination, and is excluded from hearsay by FRE 801(d)(1).

**Defendant's Exhibits 9, 28, 36, 42, 84, and 88**

6.    The Defendant believes that these exhibits were originally produced to the Plaintiff, but clerical errors made them difficult to identify. Additional copies of these exhibits have been produced to the Plaintiff, and the Defendant has heard no further objections to these Exhibits.

**RESPONSE TO PLAINTIFF'S MOTION IN *LIMINE***

7.    Plaintiff asks this Court to exclude evidence related to alleged contact or conversations between Double A or its president, Mark Wannemacher ("Wannemacher"), with the creditors of Dorsey as it relates to the "Confidentiality Agreement" (the "Agreement") signed between Wannemacher and Dorsey on the grounds that any counterclaim based on the breach of the Agreement lies with Dorsey or alternatively, the Defendant Chriss W. Street ("Street" or

3

"Defendant") failed to plead this counterclaim. However, Plaintiff goes on to paint the exclusion more broadly and indicates that Street "should be prohibited from introducing any alleged evidence of Wannemacher's contacts with the creditors of Dorsey Trailer" (Plaintiff's Objections to Exhibits of Chriss W. Street and Motion in *Limine* ¶ 14.). The Plaintiff's basis for exclusion presupposes Street intends to introduce this evidence to support a counterclaim by Street against Double A. This characterization of the challenged evidence is incorrect.

8. Street has not alleged any counterclaims against the Plaintiff, and the documents and other evidence objected to in Plaintiff's Motion in *Limine* have not been submitted to support counterclaims. Rather, these articles of evidence have been submitted to support Street's defenses, one of which is at the time Street made representations to the Plaintiff, Street believed them to be true. When Street represented to the Plaintiff that Dorsey could manufacture the trailers for which Double A prepaid, he believed this to be true.

9. It was not until after Wannemacher began contacting the creditors of Dorsey, and later Double A instituted a separate federal lawsuit against Dorsey and its then bank, SouthTrust Bank, N.A., that Dorsey could not longer manufacture trailers for any customers, including Double A. Double A's and Wannemacher's actions of contacting vendors of Dorsey regarding the possible institution an involuntary bankruptcy against Dorsey and filing the federal lawsuit against Dorsey precipitated the eventual shutdown of manufacturing at Dorsey. Street had no knowledge that these events would occur when he made representations to Double A about the ability of Dorsey to manufacture trailers.

10. Contrary to the Plaintiff's characterization, the Defendant has not submitted the evidence implicated in the Plaintiff's Motion in *Limine* to support any counterclaim against the Plaintiff, rather the evidence is probative and relevant to the Defendant's defense that at the time

4

he made representations to Double A, he believed that Dorsey could manufacture the trailers, and continue as a viable operation.  Despite the Plaintiff's position that this defense belongs to Dorsey, Plaintiff has provided no support or legal precedent, which precludes Street from asserting and supporting the defense of truth.  This evidence is relevant to and probative of the fact that when Street made representations to Double A about the ability of Dorsey to manufacture trailers, he believed Dorsey had the ability to do so, and it was not until after Wannemacher and Double A contacted the Dorsey's vendors and sued Dorsey and its bank that Dorsey could no longer operate as a viable entity.

Respectfully submitted this the 13th day of October, 2006

        /s/ Clark R. Hammond
        Clark R. Hammond
        Phillip B. Greer
        Lindan J. Hill
        Attorneys for the Defendant

**OF COUNSEL:**

**JOHNSTON BARTON PROCTOR & POWELL LLP**
2900 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2618
Telephone:  (205) 458-9400
Facsimile:  (205) 458-9500

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the above and foregoing has been served upon the following listed persons by electronic service this October 13, 2006.

Eric Breithaupt, Esq.
Lynn Shutt Darty, Esq.
Richard Earl Smith, Esq.
Christian & Small, LLP
505 20th Street North
Birmingham, Alabama 35203-2695


                                       __/S/ Clark R. Hammond_____