IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **DOUBLE A TRAILER SALES, INC.,** ) | |
| ) | |
| **PLAINTIFF,** ) | |
| ) | CIVIL ACTION NO. 3:05cv1107-T |
| v. ) | |
| ) | |
| **CHRISS W. STREET** ) | |
| ) | |
| ) | |
| **DEFENDANT.** ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTIONS AND MOTION IN LIMINE TO EXCLUDE EVIDENCE AS INADMISSIBLE HEARSAY AND CHARACTER EVIDENCE**

COMES NOW Plaintiff, Double A Trailer Sales, Inc., by and through their attorneys of record, and respond to defendant's objections and motion in limine to exclude Plaintiff's Exhibit 69 as inadmissible character evidence and hearsay and says as follows:

1. Defendant asks this Court to exclude from evidence Plaintiff's Exhibit 69. A true and correct copy of the Exhibit is attached hereto.

2. Plaintiff's Exhibit 69 is a report ("the Report") authored by Daniel W. Harrow, successor trustee of the End of the Road Trust ("the Trust") from Chriss Street. The Report, prepared pursuant to the Department of Labor's taking control of the Trust, was submitted in <u>In re Fruehauf Trailer Corporation, et al.</u> to the Bankruptcy Court for the District Court of Delaware.

3. Plaintiff's Exhibit 69 would show the activities of Chriss Street as trustee of End of the Road Trust. This exhibit would reveal Street's systematic pattern of fraud and self-dealing as to trust assets, numerous conflicts of interest while purchasing trust assets as well as mismanagement of trust assets.

4. Additionally, Plaintiff's Exhibit 69 would show Street's deception in purchasing a previously failed trailer manufacturing business for the Fruehauf de Mexico Pension Plan ("Pension Plan"), which was part of the Trust, as well Street's lack of corporate governance in the purchase of Dorsey Trailer by the Pension Plan. As Plaintiff's Exhibit 69 would show, Street, among other things, did not present the purchase of Dorsey to the Trust nor did he request approval by the Trust Advisory Committee for said purchase.

5. The report is clear evidence of Street's pattern of mismanagement and abuse of the Trust as well as improprieties in his own business opportunities for his own financial gain.

6. Defendant has couched the Report inadmissible character and hearsay evidence.[1]

**Character Evidence**

7. Federal Rules of Evidence ("FRE") 404(b) states that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident...."

8. Courts have admitted evidence of prior misconduct in civil cases to prove an improper motive, a discriminatory or fraudulent intent, and a wrongful pattern or practice, respectively. See Udemba v. Nicoli, 237 F.3d 8 (1st Cir. 2001).

---

[1] Under this Court's Scheduling Order, exhibit lists were to be exchanged forty (40) days before trial. The parties, however, agreed to exchange exhibit lists by September 29, 2006. This Court's Pre-Trial Order required objections to exhibits be filed fifteen (15) days prior to trial. Defendant filed his objections on October 13, 2006. In addition to the argument set forth below, the movant also asserts that Defendant's objections may be untimely.

9. The United States Supreme Court has stated that this "other act" evidence is admissible in any type of civil case, as long as it meets the standards for admissibility stated in Rule 404(b): (1) identify the consequential fact that the proffered evidence is offered to prove; (2) prove that the other crimes, wrongs, or bad acts occurred; and (3) explain the connection between the consequential fact and the proffered evidence that enables one to infer that fact from that evidence. Huddleston v. U.S., 485 U.S. 681 (1988). Furthering the intent of FRE 404, this test is to insure that the evidence is relevant to an issue at trial, not a defendant's disposition.

10. In the instant action, the findings in the Report goes directly to issue of Street's motive or intent in defrauding Double A. This falls squarely within the ambit of FRE 404(b).

11. While 404(b) must be balanced with FRE 403, the probative value of the Report outweighs any prejudicial effect on defendant. It directly shows Street's repeated and fraudulent mismanagement of corporate assets as well as his active deceit in his prior business purchases. Clearly, this is "relevant" to Double A's fraud claims. FRE 401, 403.

**Impermissible Hearsay**

12. In addition to FRE 404, the Report is not impermissible hearsay under FRE 801. FRE Rule 803(8)(c) provides an exception to the hearsay rule for reports or records of public offices or agencies setting forth factual findings resulting from an investigation made pursuant to authority granted by law. Such matters are presumptively admissible by virtue of their being based in legal authority and duty unless the sources of information or other circumstances indicate a lack of trustworthiness. In Beech Aircraft Corporation v. Rainey, 488 U.S. 153 (1988), the Supreme Court rejected a narrow interpretation of "factual findings" and held that "factually based opinions and conclusions" could be included within the exception. The Court found that the fact finder must

evaluate the trustworthiness of the report.[2]  In determining trustworthiness, the four factors to be examined are: the timeliness of the investigation, the skill or experience of the investigator, whether a formal hearing was held, and the bias of the investigator.  To be admissible, the record is not required to satisfy all four requirements, and if the record facially satisfies the requirements of the rule, the opponent has the burden to demonstrate lack of trustworthiness.  FRE 803; 2 McCormick On Evid. § 296 (6th ed.).

13.     While the Report embodies the results of investigation and are not the product of the Harrow's firsthand knowledge, the nature and trustworthiness of the information relied upon is clear.  Here, the Report, which was prepared after the Department of Labor took control of the Trust, was submitted and **relied on in a prior judicial proceeding in Delaware**.  The Report was timely conducted by a skilled investigator who possessed no bias toward Street.  The Beech factors are clearly present.  Plaintiff's Exhibit 69 is not inadmissible hearsay.  FRE 803(8).

       /s/ Eric J. Breithaupt
       Richard E. Smith
       Eric J. Breithaupt
       Attorney for Double A Trailer Sales, Inc.

OF COUNSEL:
CHRISTIAN AND SMALL LLP
Attorneys and Counselors
505 North 20th Street, Suite 1800
Birmingham, Alabama 35203
(205) 795-6588
(205) 328-7234 - Facsimile

---

[2] The Court noted that the primary protection against admission of unreliable evidence was the Rule's provision directing exclusion of all elements of the report—both factual and evaluative—if the court determines that they lack trustworthiness.

**CERTIFICATE OF SERVICE**

      I hereby certify that I have this date delivered a copy of the foregoing pleading upon all counsel of record in this cause and Defendants by placing a copy of same in the United States mail, postage prepaid, addressed as follows on this the 18th day of October, 2006:

Clark Hammond
Lindan Hill
Attorneys for Chriss Street
Johnson Barton Proctor & Powell LLP
2900 AmSouth / Harbert Plaza
1901 6th Avenue N
Birmingham, Alabama 35203

Phillip B. Greer
Attorney at Law
1280 Bison Rd
#B9-531
Newport Beach, CA 92660

                                                /s/ Eric J. Breithaupt
                                                OF COUNSEL