IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **DOUBLE A TRAILER SALES, INC.** | ) |
| | ) |
| **PLAINTIFF,** | ) |
| | ) CIVIL ACTION NO: 05-1107 |
| v. | ) |
| | ) |
| **CHRISS W. STREET and** | ) |
| **DONALD R. SHEETZ** | ) |
| | ) |
| **DEFENDANTS.** | ) |

**DEFENDANT CHRISS W. STREET'S PROPOSED JURY INSTRUCTIONS**

    COMES NOW, Defendant Chriss W. Street and respectfully submits to this Honorable Court his proposed jury instructions as attached hereto as Exhibit "A".

    Respectfully submitted this the 18th day of October, 2006

/s/ Clark R. Hammond
Clark R. Hammond
Phillip B. Greer
Lindan J. Hill
Attorneys for the Defendant

**OF COUNSEL:**

**JOHNSTON BARTON PROCTOR & POWELL LLP**
2900 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2618
Telephone: (205) 458-9400
Facsimile: (205) 458-9500

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the above and foregoing has been served upon the following listed persons by electronic service this October 18, 2006.

Eric Breithaupt, Esq.
Lynn Shutt Darty, Esq.
Richard Earl Smith, Esq.
Christian & Small, LLP
505 20th Street North
Birmingham, Alabama 35203-2695


                                                        __/S/ Clark R. Hammond_____

# Exhibit "A"

**DEFENDANTS' REQUESTED JURY CHARGE NO. 1**

This Court charges you that to recover for fraudulent misrepresentation; a plaintiff must prove each of the following:

(1) the defendant made a false representation regarding a material, existing fact;

(2) the defendant knew the representation was false or with reckless disregard of the truth;

(3) the defendant intended to deceive the plaintiff;

(4) the plaintiff was in fact deceived by the representation and reasonably relied upon it;

**and**

(5) the plaintiff was damaged as a result of the reliance.

This Court charges you that the plaintiff's fraud claim in this case is based upon an alleged promise to perform an act in the future. Under these circumstances, the plaintiff must also reasonably satisfy you from the evidence that at the time the promise was made, the defendant did not intend to carry out the promise and that the defendant had a present intent to deceive the plaintiff.

See Upchurch v. Universal Underwriters Ins. Co., 610 So. 2d 1163, 1166 (Ala. Civ. App. 1992); APJI 18.12.

Given _____

Refused _____

Given as Modified _____

## DEFENDANTS' REQUESTED JURY CHARGE NO. 2

  In awarding damages in any case your verdict must not be based on mere speculation or conjecture but must be based upon the evidence and the just and reasonable inferences shown thereby.

APJI 11.22

Given _____

Refused _____

Given as Modified _____

**DEFENDANTS' REQUESTED JURY CHARGE NO. 3**

In determining what the true facts are from the evidence you may take into consideration any natural interest or bias a witness may have as a result of any connection with the case. You may take into consideration the interest or bias a witness may have shown while testifying. You may take into consideration the demeanor of any witness, as to whether the witness has apparently testified frankly or evasively. You may take into consideration any matter which you would in your everyday affairs, in passing upon the truthfulness and accuracy of the testimony. Weigh the testimony in the light of your common observation and experience and reach a verdict that will be based upon the truth as you determine it from all the evidence.

APJI 1.07


Given _____

Refused _____

Given as Modified _____

## DEFENDANTS' REQUESTED JURY CHARGE NO. 4

In arriving at a verdict in this case you must not permit sympathy, prejudice or emotion to influence you.

APJI 1.12

Given _____

Refused _____

Given as Modified _____

**DEFENDANTS' REQUESTED JURY CHARGE NO. 5**

In order to recover from misrepresentation or fraud, the Plaintiff's reliance must have been reasonable under the circumstances. In determining whether the Plaintiff's reliance has been reasonable you may take into consideration all of the circumstances surrounding a transaction, including the mental capacity, educational background, relative sophistication, and bargaining power of the parties. A plaintiff has not reasonably relied upon a misrepresentation if the circumstances are such that a reasonably prudent person who exercised ordinary care would have discovered the true facts before acting on the alleged misrepresentation.

I instruct you that in deciding if plaintiff actually relied on defendant's statements, you must take into account the circumstances that existed at the time. You must ask whether defendant's statements induced the plaintiff to act in a way it would not have otherwise acted – that is, that plaintiff took a course of action because of the statements made by defendant. If plaintiff would have taken the same course action regardless of any statements by defendant, then plaintiff did not rely on defendant's statements and you must find for defendant on plaintiff's misrepresentation and fraud claims.

**APJI 18.10.**

Given _____

Refused _____

Given as Modified _____

**DEFENDANTS' REQUESTED JURY CHARGE NO. 6**

In addition to what I have already stated, you must remember that misrepresentation or fraud is never presumed, and in order to find that the plaintiff is entitled to relief on its fraud or false misstatement claim, you must find that the plaintiff has clearly and satisfactorily proven to you all of the elements of its claim.

D.H. Holmes Dept. Store v. Feil, 472 So.2d 1001, 1004 (Ala.,1985); Rankin v. First Nat. Bank of Alabama, 437 So.2d 503 (Ala.1983); Shepard Realty v. Winn-Dixie Montgomery, 418 So.2d 871, 874 (Ala.1982); Johnson v. Keener, 370 So.2d 265, 268-69 (Ala.1979); Lamb v. Opelike Production Credit Association, 367 So.2d 957 (Ala. 1979).

Given _____

Refused _____

Given as Modified _____

**DEFENDANTS' REQUESTED JURY CHARGE NO. 7**

The purpose of awarding punitive or exemplary damages is to allow money recovery to the plaintiff by way of punishment to the defendant, and for the added purpose of protecting the public by deterring the defendant and others from doing such wrong in the future. The imposition of punitive damages is entirely discretionary with the jury. Should you award punitive damages, in fixing the amount, you must take into consideration the character and degree of the wrong as shown by the evidence in the case, and the necessity of preventing similar wrongs.

For Plaintiff to be entitled to punitive damages, you must first find that plaintiff suffered actual financial loss to award it pecuniary damages. In this case, you must have awarded plaintiff either compensatory or nominal damages. Further, you must find that plaintiff proved by clear and convincing evidence that the defendant consciously or deliberately engaged in oppression, fraud, wantonness, or malice with regard to the plaintiff.

Clear and convincing evidence means evidence that, when weighted against evidence in opposition, will produce in the mind of the trier of fact a firm conviction as to each essential element of the claim and a high probability as to the correctness of the conclusion. Proof by clear and convincing evidence requires a level of proof greater than a preponderance of the evidence or the substantial weight of the evidence, but less than beyond a reasonable doubt.

Oppression means subjecting a person to cruel and unjust hardship in conscious disregard of that person's rights. Fraud means an intentional misrepresentation, deceit, or concealment of a material fact the concealing party had a duty to disclose, which was gross, oppressive or malicious and committed with the intention on the part of the defendant of thereby depriving a person or entity of property or legal rights or otherwise causing injury. Wantonness means

conduct which is carried on with a reckless or conscious disregard of the rights or safety of others. Malice means the intentional doing of a wrongful act without just cause or excuse, either: a) with an intent to injure the person or property of another person or entity, or b) under such circumstances that the law will imply an evil intent.

Plaintiff must persuade you that the defendant acted in such a way with clear and convincing evidence.

If you find that defendant did not make an intentional or reckless misrepresentation, even if you find that defendant made an innocent, mistaken or negligent misrepresentation, you may not award plaintiff punitive damages. In other words, if you find that defendant's liability is limited to innocent or negligent misrepresentation, you may not award plaintiff punitive damages.

APJI 11.03; Life Ins. Co. of Georgia v. Smith, 719 So. 2d 797 (1998); State Farm Fire and Cas. Ins. Co. v. Lynn, 516 So.2d 1373, 1376 (Ala.,1987); Morgan v. South Central Bell Telephone Co., 466 So.2d 107 (Ala.1985); Mobile Dodge, Inc. v. Waters, 404 So.2d 26 (Ala.1981); Pihakis v. Cottrell 286 Ala. 579, 586, 243 So.2d 685, 692 (Ala. 1971).

Given _____

Refused _____

Given as Modified _____

**DEFENDANTS' REQUESTED JURY CHARGE NO. 8**

The disputed issues of fact to be decided by you in this case are:

(1)   Whether defendant is liable for is liable for fraud; or

(2)   Whether defendant is liable for civil conspiracy; or

The burden is upon the plaintiff to reasonably satisfy you by the evidence of the truthfulness of the matters and things claimed by her before the plaintiff would be entitled to recover.


APJI 8.00 (modified)


Given _____

Refused _____

Given as Modified _____

# DEFENDANTS' REQUESTED JURY CHARGE NO. 9

The plaintiff contends that the defendant was guilty of a legal fraud because the defendant concealed material facts from the plaintiff and without knowledge of such material facts the plaintiff acted to his injury.  The defendant denies those allegations and, therefore, the burden is upon the plaintiff to reasonably satisfy you from the evidence of the truthfulness of each of the following claims:

1. That the defendant was under a duty to disclose;

2. That the defendant concealed material facts from the plaintiff to induce the plaintiff to act; and

3. That without knowledge of such material facts the plaintiff acted to his injury.

In determining whether the defendant was under a duty to disclose, you may consider the value of particular facts involved, the relative knowledge of the parties, any inequality of the condition of the parties, the relative bargaining position of the parties and whether the defendant has some particular knowledge, means of knowledge or experience not share with the plaintiff.


APJI 18.08



Given _____

Refused _____

Given as Modified _____